## W. C. GUNN v. J. A. DURKEE et al.

NEW TRIAL—*Discretion of Court.* When one party to an action moves for a new trial and the opposing party consents thereto, the court is not compelled to grant the same, but in its discretion may deny the motion.

*Error from Bourbon District Court.*

THE opinion states the case.

*Ware, Biddle & Cory,* and *E. M. Hulett,* for plaintiff in error.

*J. D. McCleverty,* for defendant in error.

Opinion by HOLT, C.: At the May term, 1887, of the Bourbon county district court, the plaintiff in error, as plaintiff, recovered a judgment against the defendants for $5,912.50. The defendants made a motion for a new trial. The record brought here contains the pleadings, the findings of fact by the court, conclusions of law, motion for a new trial, and judgment. Upon the hearing of the defendant's motion the

plaintiff confessed it, and consented to a new trial; but the court, refusing to allow the same, overruled it, and rendered judgment for the full amount of its findings. The plaintiff complains of this ruling.

The sole question to be determined is, whether when all the parties consent to a new trial and rehearing of the case, it is error for a court to refuse to allow it; or in other words, is the court compelled to proceed with the trial of the issues of a cause until one of the parties litigant professes himself content with the verdict of a jury or the findings of a court? Will the court be compelled to grant a new trial until one of the parties is either satisfied with the result or exhausted, when it is satisfied that no material error has been committed, substantial justice done between the parties and the judgment is correct, because one of the parties thinks the verdict or findings too small and the other believes it too large?

We believe the rule contended for by the plaintiff is unsound in theory, and would be pernicious in practice. If the rule contended for was adopted there would be an accumulation of business, a delay in the trial of cases, and a cumbering of court records, an incentive to prolong litigation — and all this when the judgment may have been correct and substantial justice been done between the parties, simply because the parties, looking at the matter from their own standpoint, may have thought that the judgment was too small or too great, according to the relative relations of the parties either as plaintiffs or defendants. It is in the interest of the public that there should be an end of litigation.

We believe in these matters the trial judge is not divested of his discretion by the action of the parties, when their actions lead to prolonged and protracted litigation. If the parties should agree to settle their matters and fix the amount, it would be a duty as well as a pleasure for the trial court to ratify such agreement by a judgment; but when they agree upon a new trial for the purpose of trying again the same issues, a different rule ought to apply. It is true, probably, that when both agree in asking for a new trial the court might

more readily grant it than when one party was requesting and the other opposing.

It is recommended that the judgment and ruling of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.