## The Atchison, Topeka & Santa Fé Railroad Company v. Joseph Brown.

New Trial, *Order Granting, Reversed.* Where a jury returns a verdict in a civil action in favor of the plaintiff and also returns certain findings of fact, and the plaintiff files no motion for a new trial, but the defendant makes a motion for judgment upon the special findings, which is overruled by the trial court, and also files a motion for a new trial, which, before action is taken thereon, he asks to withdraw, and, when this is refused, in open court waives all errors committed upon the trial against him, as alleged in the motion for a new trial, and thereafter the plaintiff confesses the grounds of the motion which have been waived by the defendant, and the court grants a new trial, *held,* that, as it does not appear from the record that there was any sufficient reason for granting the new trial, the order of the court must be reversed.

*Error from Sedgwick District Court.*

Action by *Brown* against the *Railroad Company* and another, to recover damages for malicious prosecution. Verdict for plaintiff. Defendants' motion to withdraw their motion for a new trial was denied, and the company brings the case to this court. The facts appear in the opinion, filed March 11, 1893.

*Geo. R. Peck, A. A. Hurd,* and *C. N. Sterry,* for plaintiff in error:

If each party to a suit, on return of verdict, waives all error committed against it, the court surely has no right to grant of its own motion a new trial in such a case, and if it does so, it surely must be an abuse of discretion. In this case the defendant below waived all error committed against it, by failing to file a motion for a new trial within the time allowed by statute; and the plaintiff in error in open court waived all error committed against it; therefore the case stood before the court upon the proposition that each party had actually waived all errors committed against it. But, because of the fact that prior to the waiving of such errors by the

plaintiff in error it had complained of errors committed against it, the defendant in error and the court below held that defendant in error had the right to come in and admit that the errors alleged and complained of in the motion for a new trial filed by plaintiff in error were sufficient to grant a new trial, although the plaintiff in error at the time expressly waived such errors, and refused longer to complain of the same, and did not wish any new trial. What right had defendant in error to admit or confess an error committed against the plaintiff in error, and waived by it, as a basis of action for the court to grant a new trial upon? Neither the statute nor the common law would give to the court the right or power to do that which it did do in this case, and we therefore ask that the order granting a new trial be reversed, and the case remanded, with instructions to proceed with it as though no new trial had been granted.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below by Joseph Brown against the Atchison, Topeka & Santa Fé Railroad Company and H. T. Dobson, to recover damages for malicious prosecution. At the January, 1890, term of the court, the case was tried before the court with a jury, and the jury returned a verdict for $2,030 in favor of Brown, and also returned certain findings of fact. A motion for judgment on the findings was filed by the railroad company; also a motion for a new trial. Afterward, and before any action was taken by the court upon either of these motions, the railroad company filed a motion for leave to withdraw the motion for a new trial. Afterward, in open court, the railroad company waived all errors committed upon the trial against it, except the overruling the motion for judgment on the findings, but the court overruled the motion for judgment, and at the same time, upon Brown confessing the motion for a new trial to have been well taken (but after the railroad company had waived all errors, and asked to withdraw its motion), the court granted a new trial. No motion for a new trial was filed by

Brown.    Any alleged error concerning the overruling of the motion for judgment upon the special findings is, upon the application of the railroad company, waived.

The only question presented for our determination is, whether the court erred in granting a new trial in the cause. If the company had not asked leave to withdraw its motion for a new trial, and had not, when this was refused, waived all errors committed upon the trial against it, we would not interfere.    The granting of a motion for a new trial is largely in the discretion of the trial court, and, where such a motion is granted, the order will not be reversed, unless it clearly appears that there is no error in the record upon which the motion ought to have been granted.    (*City of Sedan v. Church*, 29 Kas. 190;  *Barney v. Dudley*, 40 id. 247;  *Insurance Co. v. Thorpe*, 40 id. 255.)

The trial court overruled the motion for judgment for the railroad company upon the special findings of facts returned by the jury.    The court therefore held that the special findings were not inconsistent with the verdict, and, such having been its ruling, judgment should have been entered upon the verdict in favor of Brown, the plaintiff below.    There were no grounds to grant the new trial on account of the motion which was filed, but afterward waived, by the railroad company.    Under these circumstances, it is nowhere shown that the court, for any good reason, granted the new trial.    It is not alleged that the verdict of the jury was insufficient in amount.    We perceive no good reason why the railroad company should not have been permitted to withdraw its motion, or, if not withdrawn, to waive all errors alleged therein. Under the circumstances, there was an abuse of discretion upon the part of the trial court in granting a new trial without any apparent reason therefor, either in law or otherwise. If the court had held the special findings inconsistent with the verdict, it might have ordered a new trial, but it ruled otherwise on the special findings.

We have held that a new trial may be denied, although both parties ask it.    (*Gunn v. Durkee*, 41 Kas. 144.)    But

that was upon the ground that the granting of a new trial with consent of the parties would prolong and protract litigation. It is the interest of the public that there should be an end to litigation, and a court is not compelled to grant a new trial even if all the parties request it; but where there are no grounds for a new trial, in the interest of an end to litigation, no new trial should be granted. This court has authority to reverse an order granting a new trial. (Civil Code, § 542.) "Where a motion is made for a new trial, and the trial court sustains the motion for a manifestly insufficient reason, and it does not appear from the record brought to the supreme court that there was any sufficient reason for granting the new trial, the order of the trial court granting the new trial will be reversed." (*Lindh v. Crowley*, 29 Kas. 756.)

The order of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views expressed herein.

All the Justices concurring.