CARL F. SUTTER, *Appellee*, V. THE INTERNATIONAL HARVESTER COMPANY OF AMERICA, *Appellant*.

No. 16,204.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Grounds—Review of Order—Record.* On an appeal from an order granting a motion for a new trial, where the sole ground upon which the trial court based its ruling is held to be untenable, the appellant is entitled to a reversal unless the record affirmatively shows that the motion ought to have been sustained upon some other ground.

2. INSTRUCTIONS—*Party for Whom Verdict Was Rendered Not Prejudiced.* Where an instruction is given that the plaintiff can not recover unless he has proved a certain fact, and a verdict is returned in his favor, he can not complain of the giving of the instruction, for the result shows that he suffered no prejudice from it; and he can not complain of the failure of the jury to be governed by it, for the error in that respect, if any, is in his favor.

3. PLEADINGS—*Amendment to Conform to Proof.* Although ordinarily a pleading can not be amended after verdict to conform to proof that was admitted over objection, such an amendment may be allowed for the purpose of preventing the rendition of a final judgment against a party because of a defect in his pleading which has been supplied by his evidence.

4. SALES—*Delay in Delivery—Damages—Demurrer to Petition.* In an action against the seller of harvesting machinery for failure to deliver it with promptness, grounds for the recovery of special damages are sufficiently shown, as against a demurrer, by allegations in the petition that at the time the order for the machinery was given and accepted it was understood between the parties that it was intended for use in

cutting a particular field of wheat; that both knew that delay in delivery would result in loss to the buyer because of the ripening and shelling of the wheat; and that such result actually followed.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed January 8, 1910. Affirmed.

*Z. C. Millikin,* for the appellant.

*H. M. Jackson,* and *Z. E. Jackson,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Carl F. Sutter sued the International Harvester Company for its failure to deliver with promptness two headers and binders for which he had contracted, thereby delaying the harvesting of his wheat crop until it became overripe, and causing a loss through excessive shelling. His petition included another cause of action of a similar nature, but as the legal questions raised with respect to the two counts are precisely the same all further reference to the second will be omitted. The jury returned a general verdict for the plaintiff and answered a number of interrogatories. The defendant filed a motion for a judgment in its favor upon these answers, and also a motion for a new trial. The plaintiff filed a motion for a new trial. The court refused to give judgment for the defendant and granted the plaintiff's motion for a new trial, upon the sole ground that a certain instruction was erroneous and that the verdict was contrary to the law as stated in such instruction. The defendant appeals and asks that the order granting a new trial be set aside and that it be given judgment on the findings. Error is also assigned on the overruling of a demurrer to the petition.

The instruction referred to was in effect that the plaintiff could not recover unless the defendant when it accepted the order for the machines knew that if they failed to arrive in time the plaintiff would not be able

or might not be able to procure other machines to harvest his crop and thus save loss. Although the giving of this instruction was against the plaintiff's interest, manifestly he· was not in fact prejudiced by it, for the general verdict was in his favor. And, granting that the verdict was contrary to the instruction, the failure of the jury to be governed by it could not have been prejudicial to the plaintiff, but on the other hand constituted an error in his favor. Therefore the plaintiff had no right to a new trial, either because the instruction was wrong or because the jury disregarded it. (29 Cyc. 778, 779; *Woodman v. Davis,* 32 Kan. 344.)

The recital in the record that the plaintiff's motion for a new trial was granted solely upon the ground stated necessarily implies that the trial court was of the opinion that none of the other grounds set out in the motion was well taken. Therefore we can not presume in support of the ruling that the court thought the special findings were contrary to the evidence (that being one of the contentions on which the motion was based) or was influenced by some consideration resting in its own discretion. Hence the decision presents an unmixed question of law, and is reviewable. (*Lindh v. Crowley,* 29 Kan. 756; *A. T. & S. F. Rld. Co. v. Brown,* 51 Kan. 6; *Buoy v. Milling Co.,* 68 Kan. 436; *Railroad Co. v. Werner,* 70 Kan. 190.) If the record before us contained matter showing that the motion ought to have been sustained upon some other ground doubtless the ruling could be affirmed for that reason. But nothing of that kind appears in the case-made (which·does not include the evidence or the instructions other than the one already·referred to), and its existence can·not be presumed. If errors were committed against the plaintiff such as to entitle him to a new trial upon other grounds than that approved by the court, it ·was incumbent.upon him, if he wished to take advantage of the fact, to see that the record brought here should affirmatively show it. Whether (as suggested in *Mill-*

*ing Co. v. Buoy,* 71 Kan. 293) he would also have been obliged to file a cross-petition in error is an entirely different question, which is not involved.  Inasmuch as the single ground upon which the court granted the motion for a new trial was not available to the plaintiff, and no other sufficient ground that was available to him is shown by the record, it follows that the ruling must be regarded as erroneous.

But the substantial controversy between the parties is whether the special findings are fatal to a recovery by the plaintiff.  If not, then the defendant itself desires a new trial, and is entitled to one (if for no other reason) because it had a right to insist that the instruction given for its protection, whether right or wrong, should be followed by the jury.  (*Lynch v. Snead Architectural Iron Works* [Ky. 1909], 116 S. W. 693, and note to that case in 21 L. R. A., n. s., 852.)

The plaintiff in his petition described the wheat for the harvesting of which he ordered the machines as covering 325 acres.  At the trial he was permitted to prove, over the defendant's objection, that the actual acreage was 1200.  He asked leave to amend his pleading by substituting the latter figure for the former, but the request was denied.  The jury found that two machines which he purchased from other agents in lieu of those first ordered were received in time to have cut 325 acres without loss, but not in time to have saved the whole 1200 acres.  The finding denied the existence of the cause of action pleaded, for it stated that the plaintiff had obtained machinery in time to cut the only quantity of grain mentioned in the petition.  But to allow this fact absolutely to preclude a recovery under the circumstances here presented would be to penalize too highly a mistake in drafting a pleading.  The petition did not describe any specific tract of land, and obviously named 325 acres because that was the amount upon which the plaintiff claimed to have suffered loss.  Of course the reference to the other 875 acres was

necessary, but only by way of inducement—to show how the loss to the 325 acres was occasioned—not as a matter in itself vital. The effect of admitting proof of the actual facts was much the same as though the amendment asked had been allowed. True, it is said that "a motion, after the close of the evidence, to conform the pleadings to the proof can never be granted where the admission of the evidence was promptly objected to when it was offered, upon the ground that it did not tend to support the allegations in the pleadings. 1 Encyc. Pl. & Pr. 585." (*Walker v. O'Connell*, 59 Kan. 306, 311.) But that is not a rule of universal application. (*Tullock v. Mulvane*, 61 Kan. 650.) Where evidence outside of the pleadings has been admitted over the objection of a party, and a verdict against him is based thereon, it is ordinarily unjust that an amendment to conform to the proof should be allowed or be considered as made, after it is too late for him to offer testimony in his own behalf. But when the effect of allowing the amendment, or of considering it made, is not to abridge the right to a full hearing but to extend it, a very different situation is presented. And that is **the case here. The defect in the plaintiff's petition is** serious enough to prevent his obtaining judgment himself, but does not require a final judgment against him.

Other special findings are relied on as requiring a judgment for the defendant, but we do not think they have that effect. The jury found that when the plaintiff gave his order for the machines the defendant did not know that if they were not delivered before wheat harvesting commenced the plaintiff could not by the use of ordinary diligence obtain other machines to use in cutting his wheat. It was not essential to a cause of action that the defendant should have known that loss unpreventable by ordinary diligence would inevitably result from a delay in delivery. If it knew that such loss would be a natural and probable consequence of its default the effect was the same. The petition al-

leged knowledge on the part of the company that a loss would result from delay, but the instruction referred to, in submitting the question whether it knew the plaintiff *could* not procure machines elsewhere, gave the same force to knowledge that he *might* not be able to do so. Findings were also made that the plaintiff, when he gave his order, did not represent that he had 325 acres of wheat to cut, but did say he expected to begin harvesting much later than what turned out to be the commencement of the season; but these facts are not conclusive of the controversy.

Although a technical error was committed in sustaining the plaintiff's motion for a new trial, there is no occasion for a reversal, since if the case were reversed a new trial would necessarily follow, and it would be a useless form to set aside the order already made, merely that it might be at once reëntered. The judgment will be affirmed, but the costs of this proceeding will be divided.

This decision makes it necessary to pass upon the question raised by the demurrer to the petition, which the defendant claims fails to state facts sufficient to entitle the plaintiff to special damages. The contention is that since the loss complained of is one that does not ordinarily result from the breach of a similar contract the plaintiff was required to plead the existence of special circumstances that made such a loss in this particular instance so probable that the parties must be deemed to have had it in contemplation when they made their agreement, and that this requirement was not fulfilled, particularly because of the lack of any averment that the buyer had no other means of cutting his wheat and that the seller knew of this fact. The petition, after alleging that on June 5 an order for the machines was given and accepted, delivery to be made in time for the then approaching harvest, continues:

"Plaintiff further says that it was then well known and understood by and between himself and said agents

of defendant that plaintiff purchased the same for his own use in cutting the said 325 acres of wheat, which was in plain view of the business house of said agents and then known to all said parties to be rapidly maturing, and that delay in furnishing and delivering such machines within the time mentioned would result in great loss to the plaintiff because of the ripening, shelling and shattering of such wheat so to be harvested and for the harvesting of which said machines were so sold and purchased."

The statement that the defendant knew that a delay in delivering the machines would result in great loss by reason of the ripening and shelling of the wheat, and contracted with that understanding, was enough to show that the injury complained of was within the contemplation of the parties, and indeed went beyond what was requisite for that purpose. True, the allegation lacks detail, and might have been subject to a motion to make more definite and certain. But it presents in general terms the vital issue in the case. If a loss through overripening was a necessary result of a delay in delivering the machines, then it follows that the plaintiff could have had no other means of cutting the wheat, and if the defendant knew of the one fact it necessarily knew of the other. We think the petition was sufficient against a demurrer. If it spoke the truth the damages claimed were not too remote. (24 A. & E. Encycl. of L. 1155; *Van Winkle & Company v. Wilkins et al.*, 81 Ga. 93; *Neal v. Hardware Company*, 122 N. C. 104; *Kelley, Maus & Co. v. La Crosse Carriage Co.*, 120 Wis. 84; *Colvin v. Oil Company*, 66 S. C. 61.)

In *Sycamore Co. v. Sturm*, 13 Neb. 210, the buyer of a harvesting machine claimed that it failed to work as warranted, and that as a consequence, being unable to procure any other machine, he lost his crop. The court decided that he could not recover damages on this account because the company's liability was limited by the terms of a written warranty, but added:

"It can not be that in a populous county of this state like Hall county, that usually and ordinarily when a

farmer is disappointed in his reaper, and is obliged to obtain the use of another with which to cut his harvest, such consequences follow." (Page 218.)

This goes too far if it means that a court should presume as a matter of law that in a populous county in the wheat belt, after the harvest has begun, the use of harvesting machines can ordinarily be obtained, in time to save a crop, otherwise than by buying them. Here the petition alleged that up to the day before the two machines were obtained elsewhere the defendant continually made excuses for the nonarrival of those previously ordered and promised that they would be delivered within a day or two. Whether under all the circumstances the plaintiff used due diligence to prevent loss was a question of fact for the jury.

PORTER, J., dissenting.