S. J. THOMPSON, *Appellee*, v. C. J. SEEK, *Appellant*.

No. 16,837.

### SYLLABUS BY THE COURT.

1. CONTRACTS—*Breach of Implied Condition—Party at Fault without Remedy.* A written contract for the purchase of corn to be delivered at the buyer's elevator implies payment in cash, and upon offer to deliver, and refusal to pay except by check, at a time when banks are not honoring checks by paying cash, the buyer is not entitled to damages for failure to deliver.

2. NEW TRIAL — *Grounds — Cumulative Evidence.* Newly discovered cumulative evidence which if received would still leave the moving party without right to recover is not sufficient ground for granting a new trial.

Appeal from Jackson district court. Opinion filed May 6, 1911. Reversed.

*F. T. Woodburn, E. D. Woodburn,* and *Charles Hayden,* for the appellant.

*Guy L. Hursh,* for the appellee.

The opinion of the court was delivered by

WEST, J.: In August, 1907, the parties entered into the following agreement:

"HOLTON, KAN.

"I hereby confirm sale to S. J. Thompson of 10,000 bushels (ten thousand bushels), No. 3 or better corn with the privilege of delivering 14,000 bushels (fourteen thousand bushels), optional with me.

"The price to be paid 36½ cents per bushel (thirty-six and one-half cents per bushel).

"The corn to be delivered on or before December 31, 1907, at S. J. Thompson's elevator at Mayetta.

C. J. SEEK,

S. J. THOMPSON."

On March 3, 1908, Thompson sued Seek for damages for failure to deliver the corn. Seek answered that he began delivering the corn but that Thompson refused to pay therefor according to contract.

The jury found that Seek took two loads of corn to Mayetta and there offered to deliver them to Thompson; that Seek stated then that he would require payment in cash; that in response Thompson proposed to give a check, which Seek refused; that no cash was tendered and Seek refused to deliver the two loads of corn for that reason; that he thereupon notified Thompson in substance that the contract was rescinded; that no cash was at any time tendered; and that Thompson was unable to pay cash in November and December, 1907, and subsequently for the 10,000 bushels of corn mentioned in the contract.

A verdict was returned for Seek. On September 19, 1908, a motion for a new trial was filed setting up various grounds, but not newly discovered evidence; September 24, 1908, a motion for a new trial on the ground of newly discovered evidence was filed, and on January 6, 1909, the "motion for new trial" came on to be heard. "The plaintiff offers evidence in support of said motion and rests. Defendant also rests." The motion was allowed and this is alleged as error.

Counsel for Thompson insists that the record does not show that the motion was allowed on the sole ground of newly discovered evidence, and he sets out in his counter abstract a journal entry worded as above quoted, and showing that he took ninety days to make and serve a case. Counsel for Seek refer us to a journal entry or statement said to be found in the case-made, showing in express terms that the motion was sustained "solely upon the ground of newly discovered evidence set forth in said affidavits of Robert L. Miller and S. J. Thompson." As the only excuse for offering evidence would be for the purpose of supporting the later motion, and as the language of the supposed journal entry found in Thompson's counter abstract indicates a ruling on the one motion only, we shall assume that the

new trial was granted only on the ground laid in the later motion.

The findings and verdict were supported by the evidence, which, in brief, showed that Seek offered to deliver the two loads of corn which he appears to have purchased of his father, and on learning from Thompson that payment would be made by check only advised him that it took cash to get the corn and that he (Thompson) might consider the deal off. This was during the financial stringency when all the banks were paying out but little cash, and this doubtless accounts for Thompson's desire to pay by check.

The evidence in support of the motion for a new trial was to the effect that one Robert L. Miller would testify that on or about September 12, 1907, Seek sold him about two hundred acres of corn in the field, and that afterward Miller learned of the contract with Thompson and asked Seek about it, and Seek replied that "he would fix that all right with him," and that the sale to Miller was made long prior to the time the corn was ready to be gathered, and while standing in the field. It would seem from this that Seek sold certain corn to Miller in September, after selling the same or other corn to Thompson in August. The record does not show whether it was the same corn, but it appears that Seek bought the two loads in question of his father. He testified that he told Thompson he "had to have the money to get more corn. . . . I bought corn and corn was ready to be taken in and I expected the money for it." His father testified, "Chauncey had bought it from me and paid [for] part of it." The contract does not specify any particular corn, and it is not clear what effect the sale to another of a certain field of standing corn could have on Seek's rights or liabilities.

It is argued that Miller's evidence would be material as touching the disputed question whether or not Seek really delivered or intended to deliver the corn to Thompson. But it is manifest that Thompson was not

prepared to pay cash, even if the corn were delivered, and we can not assume that payment other than cash was contemplated by the parties when they entered into the contract.   No one claims that any different medium of payment was contemplated by either party, and no argument is advanced that one entitled to cash can be compelled to accept checks, and this at a time when banks will not honor good checks by paying cash. While it is true, as counsel for Thompson argues, that new trials are favored, and orders therefor are not generally set aside unless in respect to an unmixed question of law, still it will not do to prolong litigation on a mere showing of evidence cumulative to one point in issue, when its full effect if received would still leave the moving party without right to recover.   (*Building Assn. v. McMullen,* 59 Kan. 493.)

·"If it clearly appeared that the ruling rested upon, or rather raised, a pure, unmixed question of law, and that it was erroneously made, we would be warranted in reversing the order."   (*Ireton v. Ireton,* 62 Kan. 358, 360.)

(See, also, *Lindh v. Crowley,* 29 Kan. 756; *A. T. & S. F. Rld. Co. v. Brown,* 51 Kan. 6; *Sovereign Camp v. Thiebaud,* 65 Kan. 332; and *Sutter v. Harvester Co.,* 81 Kan. 452.)

Finding, therefore, no sufficient ground for granting a new trial, the judgment is reversed.