P. M. AHLSTROM, *Appellant*, v. THE KANSAS MILLING COMPANY, *Appellee*.

No. 17,221.

### SYLLABUS BY THE COURT.

NEGLIGENCE — *Personal Injuries* — *Contributory Negligence*. Where in an action brought by an employee on account of personal injuries the jury find specifically that the plaintiff did not know of his danger and could not have known of it by the exercise of reasonable care, because of his inexperience, a new trial is not required by reason of further findings to the effect that there was nothing to prevent the plaintiff from knowing of his danger, or to prevent him from refusing to do the work, and that the danger was so great that he ought not to have performed the labor although directed to do so.

Appeal from Sedgwick district court. Opinion filed October 7, 1911. Reversed.

*John W. Adams*, and *George W. Adams*, for the appellant.

*S. M. Amidon, D. M. Dale*, and *Jean Madalene*, for the appellee.

The opinion of the court was delivered by

MASON, J.: P. M. Ahlstrom was injured while working for the Kansas Milling Company. He brought an action against his employer. A general verdict was

Ahlstrom v. Kansas Milling Co.

rendered in his favor, the jury also returning answers to a number of special questions. The defendant filed a motion for a new trial on various grounds. The court granted the motion upon one ground only, explicity overruling it as to all the others. The ground upon which the motion was sustained was that the special findings were inconsistent with each other, and with the general verdict. The plaintiff appeals.

From what has just been said it follows that the district court in effect found that the trial was a fair one, and that the verdict was sustained by the evidence and should be upheld unless some of the special findings required it to be set aside. Whether that was the case is an unmixed question of law, the ruling on which is subject to review here. (*Thompson v. Seek,* 84 Kan. 674, 115 Pac. 397, and cases there cited.)

According to the plaintiff's evidence he was engaged with others in attempting to move several loaded freight cars along the track. For this purpose he and another employee, under direction of a superintendent, held one end of a timber against one of these cars while a car on a parallel track was forced against the other end of the timber by the use of a "car puller"—a device operated by machinery. The moving car struck the timber with such force as to shatter it, splinters striking the plaintiff in the face and causing the injury complained of. The negligence relied upon was the method of work and the degree of force with which the moving car was brought against the timber.

The jury made these findings, among others, tending to support the general verdict: The plaintiff did not assume the risk of the injury, and was not guilty of contributory negligence; the defendant did not furnish the plaintiff a reasonably safe place to work and reasonably safe appliances; the system of work was not reasonably safe; the use of the timber as it was used was dangerous, but the plaintiff did not know this, nor

could he have known it by the exercise of reasonable care, on account of his lack of experience; a person of ordinary intelligence would not have known of the danger; the plaintiff used the timber as he did because he was so instructed; he was injured by reason of the sudden and unusual crash of the car against the timber, the car puller being negligently handled.

The answers to special questions which doubtless occasioned the granting of a new trial were as follows:

"Ques. Was there anything to prevent the plaintiff from knowing it was dangerous to use said timber? Ans. No.

"Q. State if there was anything to prevent him from refusing to follow the instructions? A. No.

"Q. Do you find that the danger was so great at the time and place where the defendant [obviously meaning plaintiff] was injured that he ought not to perform such labor when directed to do so by the defendant's agent and superintendent? A. Yes."

These findings are not evasive and do not suggest any unfairness. They make no appeal to the court for the granting of a new trial as a matter of discretion. They merely raise the question whether they are in actual conflict with the general verdict. If they are at all capable of being reconciled with it, great liberty of interpretation should be employed to that end. "The rule is that where findings are susceptible of two interpretations the court will if possible adopt the one which will harmonize with and sustain the general verdict." (*MacElree v. Wolfersberger,* 59 Kan. 105, 110, 52 Pac. 69.) "All of the findings are to be considered together, and, if possible, are to be construed so as to harmonize them and uphold the verdict." (*Kansas City v. Slangstrom,* 53 Kan. 431, 439, 36 Pac. 706.)

The finding that there was nothing to prevent the plaintiff from knowing that it was dangerous to use the timber must be considered in the light of the fact that the jury had already found that a person of ordinary intelligence would not have known of the danger,

and that the plaintiff, although exercising ordinary care, was prevented from knowing of it by his lack of experience. The fair meaning of these findings when taken together seems to be that there was nothing that made it absolutely-impossible for the plaintiff to know of the danger, although by reason of his inexperience he did not in fact know of it, notwithstanding he was intelligent and careful.

The finding that there was nothing to prevent the plaintiff from refusing to follow the instructions given him presents even less difficulty. Obviously he had the power to refuse, but as he was unaware of the danger there was no occasion for his doing so.

The third doubtful finding raises a more difficult question. The jury say in effect that the danger was so great that the plaintiff ought not to have performed the labor when directed to do so. In order for this finding to be regarded as inconsistent with the general verdict it must be understood to mean that the danger was so obvious that reasonable prudence required the plaintiff to refuse to obey the orders given him. Its language, however, falls short of this. While the word "ought" ordinarily carries a sense of obligation, it is also employed to characterize a course as expedient or advisable, in the sense of "behoove." Nothing in the words used suggests any requirement that rested upon the plaintiff as a reason for disobeying his orders. The more reasonable view seems to be that the jury meant that the danger was in fact so great (although the plaintiff did not know it) that it would have been suitable and fitting and expedient—a better course in its results—if he had refused to do the work.

The jury also found that the company's superintendent, who gave the order, believed the place, the appliances and the system of work to be reasonably safe. This finding does not conflict with the general verdict. Ignorance of the danger may excuse the conduct of the employee, but not that of the employer,

because of the obligation that rests upon the latter to maintain safe conditions. (*King v. King,* 79 Kan. 584, 100 Pac. 503.)

The judgment is reversed with directions for judgment to be rendered in accordance with the verdict.