CARL F. SUTTER, *Appellee,*. V. THE INTERNATIONAL
HARVESTER COMPANY OF. AMERICA, *Appellant.*

No. 17,286.

HEADNOTE BY THE REPORTER.

SALE—*Delivery Delayed — Damages — Findings — Instructions.*
The record examined, and it is held that no prejudicial error
appears in the refusal to submit certain questions to the jury,
nor in the instructions as to amount of recovery, nor are the
special findings of the jury inconsistent. ·

Appeal from Graham district court. Opinion filed
March 9, 1912. Affirmed.

*Z. C. Millikin,* for the appellant.

*W. L. Sayers,* for the appellee.

*Per Curiam:* Carl F. Sutter sued the International
Harvester Company for damages alleged to have been
sustained by its failure to deliver with promptness two
headers and binders for which he had contracted. He
also asked judgment upon a similar claim asserted by
H. N. Gillen, which had been assigned to him. He
recovered and the defendant appeals. The facts are
more fully stated in the opinion upon a former appeal.
(*Sutter v. Harvester Co.,* 81 Kan. 452, 106 Pac. 29.)

Complaint is made of the refusal of the court to sub-
mit to the jury several specific questions asked by the
defendant. We think no prejudicial error is shown in
this regard. Some of the questions were objectionable
because they had reference to knowledge by the de-
fendant that loss *would* result from delay. Some were
objectionable because. they related to the defendant's
knowledge of the possible effect of the failure to de-
liver the machines by a specified date. The precise
effect of others can not be determined without the evi-
dence, which is not before us. In any event, we do not
discover that any substantial prejudice resulted to the
defendant in this connection.

Sutter v. Harvester Co.

In one instruction the amount of recovery was spoken of as measured by the number of acres of grain that *could* have been cut if the machines had been delivered promptly. It is argued that the word used should have been "would." In view of the entire charge it does not seem that the jury could have been misled.

As was mentioned in the opinion on the earlier appeal the original petition referred only to the number of acres on which the loss was alleged to have occurred. By amendment reference was made to the total acreage owned by the plaintiff and Gillen. The jury were told that recovery could be had, according to the loss occasioned, whether or not it occurred on the acres described in the first petition. In one instance where this was said the word "first" was omitted, but it does not appear upon the whole record that any prejudice resulted therefrom.

A question was submitted to the jury substantially in this form: "For how many days prior to" July 3 could the grain have been harvested by cutting and binding with the machines used as binders? They answered: "Seven work days." In answer to other questions they found that the machines could have been used as binders on June 16, and until June 26. The defendant maintains that these findings are inconsistent because they indicate that the machines could have been used as binders from June 16 until July 3, a period of more than seven days. This interpretation results from assuming that the jury meant that the machines could have been used as binders for seven work days *immediately* prior to July 3. What they seem to have meant was that prior to July 3 there was a period including seven work days in which the machines could have been so used, namely, from June 16 to June 26.

The judgment is affirmed.