No. 23,050.

SALLIE B. FOSCHE, *Appellee*, v. THE UNION TRACTION
COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. SPECIAL FINDINGS—*Answers Do Not Indicate Unfairness of Jury*. Answers returned by a jury beyond what was called for by the questions submitted to them are held not to have indicated such a want of fairness as to require a reversal.

2. STREET RAILWAY—*Negligence—Personal Injuries—Finding of Jury Interpreted*. In an action against a street-car company based upon the alleged negligence of a motorman in starting a car with a jerk while a passenger was attempting to alight, it is held that a finding by the jury that the defendant's negligence consisted in an improper system of starting the car may be interpreted as referring to the improper manner in which the car was started in that particular instance.

3. SAME—*Excessive Verdict*. The amount of the verdict is held to have been so large as to require a new trial upon that issue unless a reduction is accepted by the plaintiff.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 12, 1921. Modified.

*John J. Jones*, of Chanute, and *Chester Stevens*, of Independence, for the appellant.

*A. M. Etchen* and *W. E. Ziegler*, both of Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.:  Sallie B. Fosche was injured while alighting from a street car of the Union Traction Company. She sued the company, alleging that her injury was caused by the sudden starting of the car after it had come to a stop to discharge passengers, and recovered a judgment from which this appeal is taken.

1. Error is alleged in the refusal to strike out portions of special findings returned by the jury on the ground that they were not responsive to the questions submitted. The fact that the jury volunteered statements not called for by the questions can hardly be regarded as requiring a reversal unless they are

of such character as to indicate an unfairness of attitude equivalent to passion or prejudice. To the question "What was the plaintiff doing just before she fell?" the jury returned this answer, the portion objected to being indicated by italics, "Standing on the steps *and was thrown from car.*" The words complained of may seem at first blush somewhat foreign to the inquiry submitted, but two possible explanations present themselves which make them consistent with entire good faith. The jury may have regarded the word "fall" as referring to the plaintiff's falling over after striking the ground, their answer meaning that just before she fell she was thrown from the car. Or they may have feared the use of the word "fall" might imply motion originating with the plaintiff, and therefore, to prevent such interpretation, added the statement that she was thrown from the car. The question "How long did plaintiff stand on the steps of the car?" was answered, "While standing on the steps was thrown off." This was equivalent to saying "until she was thrown off," and while not very illuminating does not appear to us to indicate an evasive purpose, inasmuch as there was no direct evidence as to how long she was on the steps, although there was room for the inference that the time was quite short.

2. The petition alleged in substance that the injury to the plaintiff was due to the negligence of the motorman in starting the car with a sudden jerk while she was attempting to alight. The jury were asked to state in what respect the defendant was negligent and answered, "Improper system of starting the car." It is contended that the use of the word "system" necessarily shows that the jury referred, not to the way in which the car was stopped in this particular case, but to the general plan that had been adopted for the stopping of cars regularly; and as no negligence of that character was charged and no other was found judgment should be rendered against the plaintiff upon this finding. The word "system" was not an apt one to employ in this connection, but the jury are not to be held to an accurate use of language. Among the recognized synonyms of system are "method," "manner," "mode." None of these words when discriminatingly used means precisely the same as "system," yet the meanings are near enough alike so that the employment of "system" as a substitute for any of them is quite natural where entire accuracy is not ex-

pected; and if any one of them had been employed by the jury no ground of objection would exist. The word "system" must be deemed to have been used in any permissible sense that will render the finding consistent with the judgment. (*Ahlstrom v. Kansas Milling Co.*, 85 Kan. 548, 551, 118 Pac. 57.) We find no difficulty in such reconcilement.

3. The verdict was for $12,500, and is attacked as excessive. The evidence as to the nature and effect of the plaintiff's injury may be thus stated: She was sixty years of age. Her health had been "just tolerable fair." She had done all her washing and house cleaning, had tended three cows, sold milk and butter, and had done her housework. Her hip bone was broken at the joint, or what is called the neck of the femur. The union is merely a fleshy one—in people of her age the union is hardly ever a bony one. The injury was painful. The fracture was set and weights were used for about five weeks. She was in bed for ten weeks, lying on the flat of her back for six weeks without being moved. She was finally enabled to walk, but only by the aid of crutches. The injury is permanent.

The court is of the opinion that too large a recovery was allowed. The judgment is affirmed as an adjudication of the defendant's liability for the damages sustained by the plaintiff, but the cause is remanded for a new trial upon the sole issue of the amount thereof, unless she shall consent to its reduction to $8,500, in which event judgment is to be rendered accordingly.