No. 23,260.

CHARLES KLOPFENSTEIN, *Appellee,* v. THE UNION TRACTION COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Unguarded Obstruction in Street—Injury to Driver of Automobile—Contributory Negligence.*  One driving an automobile along a city street is not as a matter of law negligent in not seeing an obstruction negligently left unguarded, although looking in its direction while approaching it, he being obliged to turn out and pass a horse-drawn vehicle, thereby coming upon such obstruction.

2. SAME—*Consistent Findings of Jury.*  The findings returned by the jury were consistent with the verdict and with themselves.

3. SAME—*When Duty of Court to Grant New Trial.*  The trial court, feeling dissatisfied with the trial, that it had been hurried, and that the jury had not understood the instructions, and that the case had

not been properly presented to them, although erroneously deeming the verdict inconsistent with the findings, did not err in ordering a new trial of its own motion.

Appeal from Montgomery district court; JOSEPH W. HOLD-REN, judge. Opinion filed June 11, 1921. Affirmed.

*John J. Jones*, of Chanute, and *Chester Stevens*, of Independence, for the appellant.

*James A. Brady*, of Cherryvale, and *Lester G. Seacat*, of Independence, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from an order denying its motion for judgment on the findings of the jury and from an order granting a new trial. The plaintiff also appeals from the latter order.

The petition alleged that the defendant, in removing the bricks, blocks, and stone, rock, cinder and sand filler supporting its track, left a hole between the rails and piled up the removed material so as to form a dangerous obstruction in the street, which was left unguarded and without signal or warning; that the plaintiff while driving his automobile along the north side of the street was forced to pass a horse-drawn vehicle and drove his car on the space between the rails and over the space just outside and along the right rail into the hole thus left, whereby he received certain injuries.

The court instructed the jury that the plaintiff had a right to drive along any part of the street,—

"That in so doing he was not required to exercise a high degree of care for the purpose of observing his surroundings, but he is under the duty and obligation to exercise ordinary care to observe the general conditions of the street and the traffic that might be thereon, and if you find and believe from all of the evidence in the case that the plaintiff was not in the exercise of ordinary care while driving towards and approaching the place where he alleges he was injured, and that had he been exercising ordinary care, as herein defined to you, he could or should have seen said obstruction in time to have avoided it, he is guilty of such contributory negligence as will bar a recovery in this action, and your verdict in such event will be for the defendant and against the plaintiff."

Klopfenstein v. Traction Co.

The jury returned a verdict for the plaintiff and found that he was not driving without headlights or exceeding a speed of twelve miles an hour, and that the dirt was piled a foot and a half or two feet high on each side of the track.

"Q. 7. Was plaintiff, at the time and just before he alleges he was injured, looking in the direction in which he was traveling?   A. Yes.

"Q. 8. If you answer the last question 'Yes,' what prevented him from seeing the obstruction?   A. Nothing.

"Q. 9. If you find for the plaintiff, in what respect do you find the defendant, its agents, servants and employees negligent?   A. No danger signals."

The defendant filed a motion for a new trial and a motion for judgment on the findings, and upon the argument the court overruled the latter, whereupon the defendant withdrew the former, and the court of its own motion granted a new trial, giving this as its reason:

"The court is not satisfied with the trial of the case.   Did it very hurriedly.   And I don't believe that they grasped the meaning of the court's instructions, and that the case was properly presented so that the jury might understand what the law and the facts were, by reason of the haste.   I don't think they could make the findings one way and the verdict the other if they had no misconstruction of them.   I don't think they properly considered the instructions."

The defendant insists that the findings exonerated it for the reason that they showed the plaintiff to be looking in the direction in which he was driving but not seeing the obstruction; also, that being entitled to a judgment on the findings, it was error to grant a new trial.   It is argued that the creation, of the obstruction was not the proximate cause of the injury, but merely the condition thereof.   But the petition alleged and the facts showed that the obstruction was left without lights or guards.   The fact that the plaintiff, coming up behind a horse-drawn vehicle and being compelled to go around it, was looking in the direction of the obstruction, does not preclude his recovery, for he had a right to assume that the street was reasonably safe for travel, and the fact that he drove into and was injured by the obstruction is indicative that he did not in any realizing sense see the obstruction as he approached it.   In *Water Co. v. Whiting*, 58 Kan. 639, 50 Pac. 877, the plaintiff's horse was frightened by a spurting water hydrant

23—109 Kan.

in the street which was not noticed by her until within one hundred feet of it, when the horse took fright. The claim of contributory negligence was there made, as here, but the court said it was not favorably impressed with this contention.

"It is true that the open hydrant was within range of their vision, if their attention had been called to it, and it was discernible before it was discovered by them. They were not, however, required to keep their eyes upon the pavement continuously, looking for obstructions and pitfalls. It was a street which was in constant use, and over which they had passed almost daily without encountering such danger. While they must still act with reasonable care, they had a right to presume, and to act on the presumption, that the street was reasonably safe for ordinary travel." (p. 644.)

Twenty-one years later this court in *Weaver v. City of Cherryvale,* 102 Kan. 476, 170 Pac. 997, in an action against the city for injuries sustained by a pedestrian striking her foot against the end of a plank extending from the pavement to the curb at the edge of the sidewalk, said:

"The general verdict amounts to a finding that the plaintiff did use due care for her own protection, except so far as the special findings affirmatively show the contrary. We think that although she was familiar with the conditions existing, knew of the use being made of the plank, and could have seen it if she had looked for it, she could not on that account be held guilty of contributory negligence as a matter of law. The question whether she failed to exercise due diligence under all the circumstances shown by the findings and evidence, as well as the question whether the city had been negligent, was one of fact to be determined by the jury." (p. 477.)

It is a mere truism to say that those passing along the streets of a city are not required to have their attention fixed on the purpose of discerning obstructions and pitfalls; and the fact that their gaze happens to be in the direction in which they are going when they run into one, does not absolve the wrongdoer from liability. We see nothing inconsistent or contradictory in the findings.

But, by a wilderness of decisions covering half a century, the rule is settled in this state that ordinarily the trial court, when dissatisfied with a verdict, is in duty bound to set it aside. (*Williams v. Townsend,* 15 Kan. 563; *K. P. Rly. Co. v. Kunkel,* 17 Kan. 145; *City of Sedan v. Church,* 29 Kan. 190; *Rowell v. Gas Co.,* 81 Kan. 392, 105 Pac. 691; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Ingalls v. Smith,* 93 Kan. 814, 145 Pac.

846; *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478, and cases cited; *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863; *Goehenour v. Construction Co.,* 104 Kan. 808, 180 Pac. 776; *Atkinson v. Darling,* 107 Kan. 229, 191 Pac. 486; *Briggs v. Bank,* 107 Kan. 339, 191 Pac. 487; *Bordeno v. Guber,* 108 Kan. 587, 196 Pac. 232. See, also, *Ratliff v. Railroad Co.,* 86 Kan. 938, 122 Pac. 1023, ordering a new trial without motion.)

When the record shows that the new trial was granted on a pure question of law on which the trial court was wrong, such ruling cannot stand. (*Lindh v. Crowley,* 29 Kan. 756; *A. T. & S. F. Rld. Co. v. Brown,* 51 Kan. 6, 32 Pac. 630; *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348; *Railroad Co. v. Werner,* 70 Kan. 190, 78 Pac. 410; *Sutter v. Harvester Co.,* 81 Kan. 425, 106 Pac. 29; *Thompson v. Seek,* 84 Kan. 674, 115 Pac. 397; *Ahlstrom v. Kansas Milling Co.,* 85 Kan. 548, 118 Pac. 57.) But here, the court expressly stated its dissatisfaction with the trial, its feeling that it had been hurried and that the jury had not grasped the meaning of the instructions. Under those circumstances it is held that it was not error to grant a new trial on the court's own motion.

The rulings complained of are therefore affirmed.