The judgment of the district court is affirmed.

No. 31,240

ED LAPO, *Appellee*, v. VERN NAILLIEUX, *Appellant*.

(23 P. 2d 500.)

Opinion filed July 8, 1933.

*Clyde L. Short*, of Concordia, for the appellant.

*Charles L. Hunt, Frank C. Baldwin* and *Charles A. Walsh, Jr.*, all of Concordia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for injuries sustained by plaintiff when struck by defendant's automobile at a street crossing in Concordia.

The *locus in quo* was near the center of the west side of the intersection of Broadway, which runs north and south, and Sixth street, which runs east and west. In the middle of Sixth street and in line with the sidewalk on the west side of Broadway is a safety zone over which motorists are forbidden to drive, under penalty of a city ordinance. This ordinance also requires careful driving and moderate speed at street crossings.

On November 4, 1930, plaintiff was walking south across Sixth street on the west side of Broadway, and just as he was within a step of the safety zone, defendant came from the east driving his automobile negligently and at high speed and struck the plaintiff, tossing him into the air and causing him to fall to the pavement, whereby he sustained various injuries.

The defense was a general denial and a plea of contributory negligence.

Jury trial; verdict for plaintiff in the sum of $400; and special findings of the jury as follows:

"1. What, if anything, was there to prevent plaintiff from seeing defendant's car approaching? A. Nothing.

"2. After defendant saw plaintiff in the street and in a dangerous position, did he use his best judgment and efforts in trying to avoid the accident? A. Yes.

"3. Did plaintiff, after starting south in his effort to cross Sixth street, look east to see if vehicles or automobiles were coming from that direction? A. No.

"4. Was the plaintiff guilty of negligence which proximately contributed to his injury? A. Yes.

"5. If you find the defendant was negligent and that such negligence caused the injury complained of, state what particular act or acts, omission or omissions on the part of the defendant caused the injury. A. Defendant was negligent by his failure to see plaintiff or sound warning in time to avoid striking plaintiff.

"6. Would any injury have occurred if plaintiff had exercised ordinary or reasonable care in protecting himself? A. No.

"7. If defendant had operated his car at the legal rate of speed, could he have stopped it in time to prevent the injury? A. Yes."

Defendant filed a motion to set aside the general verdict and for

judgment on the special findings, and also a motion for a new trial. The first motion was denied, and the second motion was allowed on the specific ground "that the findings are inconsistent with each other and with the general verdict and not because the findings are not sufficiently supported by the evidence."

Defendant appeals, assigning error on the overruling of his motion for judgment on the special findings. Plaintiff challenges his right to have this question reviewed because defendant's motion for a new trial was sustained, in consequence of which he now has nothing about which to complain.

It appears to us that this technical point raised by plaintiff must be considered in the light of the peculiar disposition which the trial court made of defendant's motion for judgment on the special findings. It is perfectly apparent that these special findings convicted the plaintiff of contributory negligence. It is also perfectly clear that the special findings were consistent with each other. Moreover, the trial court expressly ruled that the special findings were not without support in the evidence. The trial court's ruling does seem to be that the special findings were inconsistent with each other, in which case, of course, they could not stand, and a new trial would have to be ordered. But this court is in as good a position to construe those findings as was the trial court, and we are bound to hold that inconsistency in the special findings does not appear. It is therefore obvious that it was the unavoidable duty of the trial court to set aside the general verdict and to enter judgment for defendant on the special findings. (R. S. 60-2918; *Nichols v. Weaver*, 7 Kan. 373; *Carlgren v. Saindon*, 129 Kan. 475, 283 Pac. 620.)

This court cannot assume that the trial court willfully disregarded its duty to follow the law—which required it to enter judgment on the special findings. Moreover, it seems clear that the trial court did understand the controlling legal questions involved, because it instructed the jury quite aptly as follows:

"No. 11. One of the defenses set up in this case is that the plaintiff in the incident in question was guilty of contributory negligence . . . and even though you should find from the evidence in the case that the defendant was negligent in some respects, as claimed by the plaintiff, yet if you should find that the plaintiff himself was guilty of some act of negligence that contributed to his claimed injuries and damage and without this negligence on the part of the plaintiff such injury would not have resulted, then the plaintiff would not be entitled to recover and your verdict would be in favor of the defendant."

A majority of this court, therefore, concludes that the granting of a new trial was a mere inadvertence and not the result of the trial court's considerate judgment. We choose rather to believe that in some unexplained fashion the wrong judgment was entered. We also believe that the new trial ordered would serve no purpose, and that final judgment should be entered as permitted and directed by section 581 of the civil code, R. S. 60-3317.

The judgment is reversed, with instructions to enter judgment for defendant on the special findings of the jury.

HARVEY, J. (dissenting): Defendant's motion for a new trial was sustained. No appeal was taken from that ruling; hence, this court cannot review the ruling or order of the court granting a new trial. The effect of the order granting a new trial was to set aside the general verdict and the answers to the special questions. Therefore, there no longer exist answers to special questions on which we may order judgment.

DAWSON, J., joins in this dissent.