## No. 37,676

LORRAINE FRALICK, *Appellee,* v. KANSAS CITY PUBLIC SERVICE COMPANY, a corporation, and W. L. CALLAHAN, *Appellants,* (and CHESTER BROWNING, *Appellee.*)

(211 P. 2d 443)

Opinion filed November 12, 1949.

*Edward M. Boddington,* of Kansas City, argued the cause, and *J. O. Emerson* and *Edward M. Boddington, Jr.,* both of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., were with him on the briefs for the appellants.

*Robert L. Boyce, Jr.,* of Kansas City, argued the cause, and *Paul H. Ditzen* and *William E. Scott,* both of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for personal injuries sustained by a passenger in a streetcar against the owner of the streetcar, its motorman and the driver of a truck, and alleged to have occurred as the result of negligence in the operation of the streetcar and the truck. The owner of the streetcar and its motorman appeal from an order granting the plaintiff a new trial, and from precedent rulings.

For the purposes of disposing of the appeal it may be said that plaintiff's petition alleged the corporate defendant was engaged in the business of transporting passengers in Kansas City by means of streetcars and buses; that on June 14, 1947, she was a passenger on a westbound streetcar operated by defendant Callahan and that she was sitting on the left-hand side of the car with her left elbow resting on the window sill next to her seat; that at a stated place the streecar collided with a Ford truck operated by defendant Browning and that either the truck or a bedspring on the truck struck her left elbow, causing injuries alleged in detail; that all of her injuries were caused by the carelessness and negligence of the company and the operator of the streetcar stated in eight particulars, which need not be set out, and by the negligence of defendant Browning. Her prayer was for money damages. For present purposes it may be said the answer of the defendant company and Callahan alleged their version of the accident, the physical features of the streetcar and that plaintiff was guilty of negligence which

contributed to her injuries in that she allowed her elbow to rest upon the window sill and did not keep the same within the streetcar.

The defendant Browning filed no answer and was not represented at the trial. The word defendants as hereafter used is intended to refer to the company and its motorman.

At the trial plaintiff offered evidence in support of her allegations and defendants' demurrer thereto was overruled. The defendants offered their evidence and at the conclusion of all the evidence renewed their demurrer which was overruled. Under instructions, of which no complaint was made, the cause was submitted to the jury, which returned a general verdict in favor of the plaintiff and answered special questions as follows:

"1. How much space was there: (a) from the south side of the street car to the dirt roadway adjacent to the south side of the paving; and (b) from the south side of the paving to the south edge of the dirt roadway?   A. (a) 13 ft.   (b) 8 ft.

"2. Was the truck on the eastbound or south car tracks when the front end of the truck passed the south front of the street car?   A. Yes.

"3. If you answer Question No. 2 in the negative, then state the distance between the left front of the body of the truck and the south front of the street car at the time it passed the front of the street car.   A.

"4. If you find an object in the truck struck a part of the street car, then state: (a) whether or not it had been protruding before the truck passed the street car; (b) whether or not it slipped from its load and into the street car after the front end of the truck had passed the front end of the street car; and (c) what part of the object, if any, contacted what part of the street car,   A. (a) Yes.   (b) No.   (c) Rear corner.

"5. Was the manner of driving on the part of Chester Browning, the truck driver in this case, the sole proximate cause of the accident?   A. No.

"6. If you find for the plaintiff and against the defendant railway company and its operator, W. L. Callahan, then state what negligence you find said defendant and operator guilty of, if any.   A. Wasn't watching.

"7. Did defendants, the railway company and its operator, Callahan, provide a safe arm rest on the inside of the car for plaintiff's left arm.   A. Yes.

"8. Did plaintiff have her left arm on the window ledge or her elbow out of the window at the time and place in question?   If you answer 'Yes,' state which.   A. Yes—window ledge.

"9. If you answer question No. 8 in the affirmative, state whether or not by such conduct on the plaintiff's part she was guilty of negligence, and thereby contributed to her injury as a proximate cause thereof.   A. Yes."

After return of the verdict and special findings, the defendants filed two motions, one for judgment on the answers to the special questions and notwithstanding the general verdict, the other to set aside the answers to questions 4 (a), 4 (b), 5 and 6, for reasons

assigned in the motion. The plaintiff filed three motions, one for judgment on the general verdict, one to set aside the answer to question 9 for reasons assigned in the motion, and one for a new trial "as to damages only." Later and during the course of argument thereon, and over defendant's objection that it was too late, the trial court permitted the plaintiff to amend her motion for a new trial by striking therefrom the phrase "as to damages only."

After hearing the several motions the trial court overruled both of defendants' motions, overruled the plaintiff's motion for judgment on the general verdict, her motion to set aside the answer to question 9 and sustained her motion, as amended, for a new trial generally.

In due time the defendants perfected their appeal to this court from all adverse rulings, and they specify as error the trial court's rulings (1) on their demurrer to plaintiff's evidence; (2) on their demurrer renewed at the close of the evidence; (3) on their motion for judgment on the special findings of the jury; (4) on their motion to set aside certain special findings of the jury; (5) permitting the plaintiff to amend her motion for a new trial; and (6) sustaining plaintiff's motion for a new trial. The plaintiff has filed no cross-appeal.

In our opinion it is not necessary that we consider each of the above specifications of error for what is hereafter said concerning the trial court's ruling on the defendants' motion for judgment on the special findings and the plaintiff's motion for a new trial disposes of the appeal.

We start consideration of the motion for judgment on the special findings bearing in mind the oft-repeated rules that a general verdict imports a finding upon all of the issues in the case not inconsistent with the special findings; that the special findings are to be given such a construction, if possible, as will bring them into harmony with the general verdict, but if the special findings cannot be reconciled with the general verdict, are sufficiently full and complete in themselves and are not inconsistent in themselves, judgment must follow the special findings. Cases so holding include the following: *Giltner v. Stephens,* 166 Kan. 172, 200 P. 2d 290; *Gabel v. Hanby,* 165 Kan. 116, 193, P. 2d 239; *Lord v. Hercules Powder Co.,* 161 Kan. 268, 167 P. 2d 299; *Glenn v. Montgomery Ward & Co.,* 160 Kan. 488, 163 P. 2d 427; *Walker v. Colgate-Palmolive-Peet Co.,* 157 Kan. 170, 139 P. 2d 157; *Jilka v. National*

*Mutual Cas. Co.,* 152 Kan. 537, 106 P. 2d 665; and others cited in the above. See, also, *Hill v. Leichliter,* 168 Kan. 85, 211 P. 2d 443.

It is not necessary that we again detail the answers to the special questions submitted to demonstrate that they are not inconsisent one with the other. In substance they find that the defendants were negligent and that the plaintiff was likewise guilty of negligence which contributed to her injury. The appellee's argument that the trial court did not err in not rendering judgment on the special findings is that she objected to one question; that another question was improper and other answers were conclusions and not ultimate facts. The difficulty with the contention as presented to this court is that her motion in the trial court to set aside the answers to the special questions was based on substantially the same grounds as are now urged. The motion was overruled and she has not appealed therefrom. Notwithstanding, we have examined her contentions and find them not sustained. We find that the answers to the special questions are not inconsistent one with the other, but that the answer that plaintiff was guilty of negligence which contributed to her injuries cannot be reconciled with the general verdict, and is inconsistent with the general verdict. Under the statute (G. S. 1935, 60-2918) and the decisions noted above, the special finding that plaintiff was guilty of negligence controlled the general verdict, and judgment should have been rendered accordingly unless because of the ruling on the motion for a new trial.

An extensive review of our decisions on the power of the trial court to grant a new trial is not necessary. There is no doubt that the granting or denial of a new trial is largely within the discretion of the trial court. See the review in *Bateman v. Roller,* 168 Kan. 111, 211 P. 2d 440. Many cases might be cited that the trial court not only has the power, but the duty, to set aside a verdict and grant a new trial if it is not satisfied with the verdict, and should not render a judgment if not satisfied with the verdict. (*Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589, and cases cited.) However, if the trial court stated the ground on which the new trial was granted, and that ground is one which this court can deal with as readily as the trial court, we examine the question to see whether the reason given, as a matter of law, justified the ruling made. (*Atkinson v. Darling,* 107 Kan. 229, 191 Pac. 486; *In re Estate of Lightfoot,* 163 Kan. 369, 182 P. 2d 887.)

In *Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869, a situation very like the one now before us was under consideration. It was there said:

"Normally when a court grants a new trial the effect of it is not only to set aside any general verdict which has been returned by the jury, but also to set aside the special questions. In such a situation it is normally held that there no longer exists any special questions upon which judgment can be rendered for defendant. (See *Lapo v. Naillieux*, 138 Kan. 99, 102, 23 P. 2d 500, set aside on rehearing, 139 Kan. 23, 29 P. 2d 1093.) We think this rule is not applicable here because the trial court stated the specific reason which prompted him to grant the new trial. This court has been quite liberal with trial courts in not interfering with an order granting a new trial where no particular reason for granting it is stated, or several reasons are given by the trial court, but it has been repeatedly held that when the trial court specifically states its reasons for granting a new trial this court may examine the question to see whether the reasons given, as a matter of law, justify the granting of a new trial.

"In *Lindh v. Crowley*, 29 Kan. 756, it was said:

"'Where a motion is made for a new trial and the trial court sustains the motion for a manifestly insufficient reason, and it does not appear from the record brought to the supreme court that there was any sufficient reason for granting a new trial, the order of the trial court granting the new trial will be reversed.' (Syl. ¶ 3.)

"See, also, *Johnson v. Town Co.*, 7 Kan. App. 134, 53 Pac. 87; *A. T. & S. F. Rld. Co. v. Brown*, 51 Kan. 6, 32 Pac. 630; *Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348; *Railroad Co. v. Werner*, 70 Kan. 190, 78 Pac. 410; *Sutter v. Harvester Co.*, 81 Kan. 452, 106 Pac. 29; *Thompson v. Seek*, 84 Kan. 674, 115 Pac. 397; *Ahlstrom v. Kansas Milling Co.*, 85 Kan. 548, 118 Pac. 57.

"In *Atkinson v. Darling*, 107 Kan. 229, 191 Pac. 486, the rule is thus stated:

"'Ordinarily no reversible error can be based upon the granting of a new trial unless the trial court indicates the exclusive and specific ground upon which the new trial is granted, and unless that ground happens to be one which the supreme court is in as good a position to consider and determine as the trial court.' (Syl. ¶ 2.)

"And see, also, *Bowers v. Carlson*, 139 Kan. 396, 32 P. 2d 246.

"The case before us falls within this class. So we are confronted with the question as to whether the reason given by the trial court for granting a new trial was legally justified. The pertinent portion of our statute (G. S. 1935, 60-2918) reads:

"'In all cases the jury shall render a general verdict, and the court shall in any case at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same. . . . *When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly.'* (Emphasis ours.)

"In this case special questions were properly submitted to the jury and the court properly instructed the jury that it should answer the special questions as they found the facts to be without regard to the effect their answers might

have on the general verdict. It is not infrequent, as many of our cases disclose and as the statute evidently contemplated might be true, that the special findings of fact are in conflict with the general verdict, and the legislature provided which should control in such an event. The statutory provision is that the special findings shall control, and that has been the repeated holding of this court. (See the many cases on this point annotated under the statute.) A conflict between the special findings of fact and the verdict is not given in our statute as one of the grounds for granting a new trial. Indeed, the statute provides for the contrary, namely, that the judgment should be rendered on the special findings of fact. We think it is as novel as it is unsound to grant a new trial for the reason that there is a conflict between the findings of fact made by the jury and the general verdict.

"The result is that the ruling of the court in granting a new trial in this case cannot stand. The findings of fact returned by the jury, being sustained by the evidence and so treated by the trial court, which in fact approved them as being sustained by the evidence, must control the judgment therein entered." (l. c. 532.)

## The court held:

"In action for damages for personal injuries, the jury returned a verdict for plaintiff and answered special questions, clearly finding plaintiff guilty of negligence which caused or contributed to his injury. *Held,* under our statute (G. S. 1935, 60-2918) it is the duty of the court to sustain defendant's motion for judgment in its favor on the answers to the special questions notwithstanding the general verdict; and where the court in effect approved the answers to the special questions it had no authority to grant a new trial upon the ground a conflict existed between the general verdict for plaintiff, which had inherent in it a finding that plaintiff was not guilty of contributory negligence, and the answers to the special questions clearly showing his negligence." (Syl. ¶ 6.)

And see, also, *Craig v. Sturgeon,* 151 Kan. 208, 98 P. 2d 139, where it was held that an answer to a special question may not be set aside merely because it is inconsistent with the general verdict.

In the instant case, all the post-trial motions were presented at one time. The trial court remarked that the jury were instructed that if they found the defendants were guilty of negligence but found the plaintiff was guilty of negligence they should find in favor of the defendants but that they found a verdict for plaintiff and then found the plaintiff was negligent. Referring to the defendants' claim that plaintiff was guilty of negligence as a matter of law, the court stated it had instructed the jury that was not the law. "But there was evidence there was negligence on her part, and they thought so. And then they find for the plaintiff. They found both ways, as far as the plaintiff is concerned." And it further stated the only solution was to give the parties a new

trial. As previously indicated, the trial court then denied the post-trial motions except plaintiff's amended motion for a new trial which it sustained.

We are of the opinion that the instant case is controlled by the reasoning and holding of the Ferguson case, and that it must be and is held that the trial court erred in not sustaining the defendants' motion for judgment on the answers to the special questions and notwithstanding the verdict, and in its ruling sustaining plaintiff's motion for a new trial. Those rulings and judgments are reversed and the cause is remanded to the trial court with instructions to sustain the defendants' motion and to render judgment for the defendants.