ROSE MORROW, *Appellee*, V. P. D. BONEBRAKE, *Appellant*.

No. 17,033.

SYLLABUS BY THE COURT.

1. VERDICT—*General—Import.* A general·verdict for plaintiff imports a finding in his favor upon all the issues in the case which are not inconsistent with the special findings returned by the jury.

2. ———— *General—Judgment Based Thereon—Adverse Special Findings Not Material.* Where the special findings do not embrace and cover all the issues in the case and those returned are not necessarily inconsistent with the general verdict, the fact that the incomplete findings are adverse to the successful party will not prevent a judgment in his favor if the issues and facts included in the general verdict, and upon which no special findings are made, are sufficient to warrant a recovery.

3. ———— *Special Findings Inconsistent with General Verdict— Presumption.* Where a question of inconsistency arises between findings made in answer to special questions and a general verdict nothing will be presumed in aid of special findings while every reasonable presumption will be indulged in favor of the general verdict.

4. FRAUDULENT REPRESENTATIONS—*Inspection by Vendee Does Not Preclude Rescission and Recovery.* The seller of a diamond represented to a buyer, who did not know the grades and qualities of diamonds, that the one sold was of a certain grade and quality, and when it was found not to be up to the representations and assurance of the seller, and the buyer undertook to rescind the contract and recover the purchase price, the seller claimed that the fact that the buyer carefully examined the diamond before purchasing it precluded a recovery. *Held*, that the fact that an examination was made by the buyer does not prove that she did not buy and rely on the representations and assurance of the seller, nor will the fact that she could have learned the falsity of the representations by a more thorough and searching inquiry prevent a rescission and a recovery if in fact the purchase was made in reliance upon the false representations.

5. ———— *Untrue Positive Statements as Actionable as Though Willfully False.* If a seller makes positive statements and representations not known by him to be true, intending to

induce a sale, and a purchase is made in reliance upon his representations which turn out to be false, his action is fraudulent and he is as answerable to the purchaser as if he had made the representations knowing them to be false.

Appeal from Jackson district court. Opinion filed May 6, 1911. Affirmed.

*M. A. Bender,* and *Charles Hayden,* for the appellant.

*G. L. Hursh, E. D. Woodburn, A. E. Crane,* and *F. T. Woodburn,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Rose Morrow brought this action against P. D. Bonebrake to recover the sum of $420, which she had paid to him as the purchase price of a diamond, and obtained a judgment, from which he appeals. It appears that Rose Morrow, the appellee, wished to purchase a diamond as a present for her husband, and with that purpose in mind she had looked at one for sale by Armel Brothers, who were competitors of appellant, but had not yet made up her mind to purchase it. Bonebrake, learning that appellee was in the market for a diamond, proceeded to show her those he had in stock, none of which suited her. She told him of the stone at Armel Brothers, and he agreed to procure and sell her one equal in quality and one-fourth carat heavier for the same money asked by Armel Brothers for their diamond, it weighing one and three-fourths carats and being a pure white stone, perfectly cut, without flaw, and priced at $400. This arrangement seemed desirable to appellee, and the stone was procured, and after being examined by her she purchased and paid for it. Subsequently, upon making a comparison with the Armel stone, she found that the diamond purchased from Bonebrake was inferior in quality, whereupon she immediately returned it and demanded a return of the purchase price, which was refused.

With a general verdict in favor of appellee the jury returned answers to a number of special questions submitted at the instance of appellant, and he insists that his motion for judgment on the special findings should have been allowed. In her petition appellee alleged that appellant offered to procure and sell her a diamond which should in all respects be equal to and one carat heavier than the one that had been offered to her by Armel Brothers. It was alleged also that the diamond sold to her was of inferior cut, color and quality to that named as a standard; that she did not know the quality, cut and grade of diamonds by inspection, a fact which appellant knew, and that she purchased the stone relying upon his representations and agreement. In answer to a question framed by appellant the jury found that the diamond sold was perfectly cut, was free from flaws and weighed considerably more than the Armel stone. The jury were not asked to make special findings as to whether appellant represented and agreed that the diamond was to be equal in color and quality to the Armel diamond, and if so whether appellee bought it on the faith of such representations and agreement. Appellant contends that the findings which were made show that appellee did not rely on the representations of appellant or his guaranty that the diamond was as white as the Armel diamond. This claim is based on the findings to the effect that appellee examined and compared the diamond with the Armel stone before making the purchase; that this was done to determine whether or not she desired to purchase, and also that she would not have bought the diamond without making the examination. Other findings were to the effect that appellant had not seen the Armel diamond at the time he made the sale to appellee and that he had no personal knowledge of the quality of the diamond. It does not appear that appellee knew that appellant had no personal knowledge of the quality of the Armel diamond. Another finding, which appellee

claims leads to the same result, was one stating that appellee, upon making the examination of the diamond, declared that it appeared to be yellow.

Manifestly the special findings do not cover all the facts alleged and proven in the case. The general verdict for appellee imports a finding in her favor upon every material allegation in her petition and every issue in the case not inconsistent with the special findings. "When the special finding of facts is consistent [inconsistent] with the general verdict, the former controls the latter" (Civ. Code, § 294), but where a question of consistency arises nothing is presumed in aid of special findings, while every reasonable presumption is indulged in favor of the general verdict. The special finding that appellee inspected the diamond does not necessarily determine that she relied on her own inspection and judgment. She stated that she did not have the expert knowledge necessary to determine the quality of diamonds and that she did rely on the representations and guaranty of appellant. Notwithstanding her own inspection she was at liberty to accept and rely on appellant's representations, and if he induced her to buy the diamond the fact that she could "by a more thorough inspection and a searching inquiry have learned the falsity of the representations made by the seller" (*Circle v. Potter,* 83 Kan. 364, syl. ¶ 2) will not prevent a rescission and a recovery. (*Speed v. Hollingsworth,* 54 Kan 436.) She spent considerable time investigating the diamond, but whether she finally acted on her own judgment or upon his representations was a question for the determination of the jury.

"Independent examination or investigation does not show conclusively that the party acted on his own knowledge or judgment, and not on a false representation made to him; and he is entitled to relief or redress if the circumstances and the nature of the subject matter were such that he could not learn the truth, or

if it appears that without fault on his part he did not learn the truth, and that, notwithstanding his examination or investigation, he relied upon the representations as a material inducement." (14 A. & E. Encycl. of L. 112.)

It might have been, as the jury found, that she would not have purchased the diamond without examining it and still be true that she would not have bought it without the representations and assurance of appellant. It is immaterial that other considerations contributed to induce her to buy the diamond if the representations of appellant were material inducements to the purchase and were relied on by the appellant. (14 A. & E. Encycl. of L. 112.) According to the testimony the diamond was not as represented. Color, it seems, is an important characteristic of a diamond, and it was not as white as he guaranteed it to be. The jury were unable to say that it was of less value than the Armel diamond, but they did say, upon testimony that must be deemed sufficient, that it was not of the color and quality represented and that she did rely on his representations. He was a jeweler and an expert, and she lacked the special skill to properly judge a diamond and informed him at the time that she would rely on his statements and assurance. When she expressed a desire to have the stone compared with the Armel diamond he stated that he did not want that done; that he would guarantee that it was equal to that one and that it was a perfectly white stone. The fact that he had not seen the Armel diamond and did not have personal knowledge of its quality and color when the representations were made does not relieve him from liability. If he made a positive statement which he did not know to be true, intending to influence the purchaser and induce a sale, and the representations were relied on and a sale thereby effected, his action is fraudulent and he is as answerable to the purchaser as if he made the representations knowing them to be

false.  (*Wickham v. Grant*, 28 · Kan. 517; *Bullitt v. Farrar*, 42 Minn. 8.)  The general verdict finding in favor of appellee is deemed to include everything, not expressly negatived by the special findings, necessary to sustain the general findings; and, besides, the special findings plainly imply that the representations were made, were untrue, and were relied upon by appellee.  While the appellant did not print any of the testimony in his abstract, that printed in the counter abstract shows that there was a sufficient basis for the elements and issues embraced in the general verdict and which are not covered or contradicted by the special findings returned.

The judgment is affirmed.