No. 34,441

Guy F. Marley, *Appellant*, v. The Wichita Transportation
Corporation, *Appellee*.

(96 P. 2d 877)

Opinion filed December 9, 1939.

*William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley* and *Milton Zacharias,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: Plaintiff brought an action for damages for personal injuries. At the trial the jury returned a general verdict in his favor and answered special questions on which the trial court rendered judgment in favor of the defendant. Plaintiff appeals.

In order that the circumstances as alleged in the petition and developed in the evidence may be more easily understood, it is to be noted that Douglas avenue in the city of Wichita is seventy-five feet wide and runs east and west, and is intersected by St. Francis street, traffic at the intersection being controlled by traffic lights or signals. One block to the east and on the south side of Douglas

avenue is the Union Station. Immediately to its west and crossing Douglas avenue is a viaduct, the street passing underneath the railroad tracks.

Plaintiff's petition alleged that about 8:30 a. m. of January 31, 1938, he entered a taxicab belonging to the Wichita Cab Company, at the Union Station; the taxicab proceeded west on Douglas avenue, on the north side thereof, and as the taxicab approached the intersection with St. Francis street the driver noticed the traffic light was on a red or stop signal. Ahead of the taxicab was an automobile which was standing waiting for the light to change; that while that automobile was so standing the taxicab approached it and stopped; that while the taxicab was so standing it was struck with great force and violence by a bus of the defendant; that the plaintiff was thrown out of the back seat of the taxicab into the front seat thereof, and sustained injuries, which need not be here stated. It was alleged that plaintiff's injuries were due to defendant's negligence in six particulars, which may be briefly stated, as failing to keep a proper lookout for cars ahead of the bus; failure to have good and sufficient brakes; operating the bus at a rate of speed so as to be unable to stop in time to avoid striking the taxicab; not operating the bus at a rate of speed reasonable and proper under the circumstances; failing to use care and caution in operating the bus, and in not turning to the right or left to avoid striking the car, and failing to see the taxicab, not slackening the speed of and stopping the bus so as to avoid striking the taxicab. It was also alleged that defendant was negligent in violating certain city ordinances regulating traffic.

Briefly stated, defendant's answer denied generally, and alleged that if plaintiff received injuries they were caused by his own negligence; that at the time the bus was proceeding in a slow and careful manner; that the traffic light was green, there was considerable traffic, and it was necessary to drive close to and behind the taxicab; that the taxicab, without any signal or warning, applied its brakes and came to a sudden stop; that the bus and taxicab bumped together; that there was no severe jolt or blow, but both vehicles came to an immediate stop; that the failure of the driver of the taxicab to signal his intention to stop was in violation of a specified city ordinance and that the negligence of the plaintiff was the proximate and contributing cause of the collision and injury, if any was sustained.

The plaintiff's reply need not be noticed.

After introduction of evidence, to which some reference is later made, the trial court permitted defendant to amend its answer to conform to proof and to include an allegation that the driver of the taxicab turned suddenly from the center lane of traffic to the lane of traffic directly in front of the bus, made a sudden stop so that the driver of the bus had no opportunity to avoid a collision, and also to amend with reference to a city ordinance requiring a driver so far as possible to continue in the same lane of traffic in which he is driving.

Under instructions of which no complaint may now be made, the cause was submitted to the jury, which returned a general verdict in favor of the plaintiff and answered special questions submitted as follows:

"1. Did the taxicab come to a sudden stop? A. Yes.

"2. What was the distance in feet between the front of the bus and the rear of the taxicab, when the taxicab made its stop? A. 10-12 feet.

"3. At what speed was the bus traveling when the taxicab made its stop? A. 12-15.

"4. At what distance could the bus be stopped at such speed, including reaction time? A. 16-20 feet.

"5. Was the collision the result of an unavoidable accident? A. No.

"6. Was the bus driver confronted with an emergency? A. Yes.

"7. Was the manner in which the taxicab was driven the direct and proximate cause of the collision? A. Yes."

(No. 8, immaterial here.)

The plaintiff filed its motion that the court strike and set aside certain of the special questions and answers. Defendant filed its motion for a new trial and also for judgment on the special questions and answers notwithstanding the verdict. On the hearing, the defendant withdrew its motion for a new trial. The court, after hearing the other motions, took the same under advisement and later sustained defendant's motion for judgment and denied plaintiff's motion to strike specified special questions and to set aside the answers thereto, and rendered judgment accordingly.

The plaintiff appeals, specifying as error the ruling on the motions last above mentioned.

The evidence of each party tended to prove the allegations of his pleadings. It was undisputed in the evidence that at all points here involved traffic moving westwardly on Douglas avenue moved in lanes; that the lane just north of the center of the street was for the faster moving vehicles, and immediately to the north was another

lane, and further to the north was the space for parking vehicles, and that the traffic at the intersection with St. Francis street was controlled by light signals.

Without going into details plaintiff's evidence tended to show that as the taxicab in which he was riding moved from the Union Station it reached and entered Douglas avenue and turned west ahead of the bus or that it very shortly passed the bus and got in the north lane of traffic; that as it approached the intersection an automobile was stopped in that lane awaiting a change of the traffic signal; that the taxicab slowed up and came to an easy stop a short distance behind the automobile and stood there from three to ten seconds, when it was struck from behind by the bus. Defendant's evidence tended to show the following: The bus had stopped just east of the viaduct, then started, swung into the north lane of traffic and was proceeding westwardly, preparing to stop at the intersection with St. Francis street; that as it was proceeding the taxicab came up along its left or south side and when a short distance from the intersection turned abruptly in front of the bus and immediately and suddenly stopped without any warning; that vehicles in other traffic lanes prevented the bus turning either to the right or left to avoid striking the taxicab; the distance was too short for it to stop and it struck the rear of the taxicab.

The jury was confronted with making a choice between the two versions. It may be said that by its general verdict it accepted plaintiff's version, but that in answering the special questions, it accepted the version of the defendant. Although appellant is not in a position to raise the question, we have examined the record and find the answers to the special questions are fully supported by the evidence.

Under G. S. 1935, 60-2918, provision is made for submitting to the jury particular questions of fact to be answered by it, the statute further providing that when the special findings of fact are inconsistent with the general verdict, the former control the latter. Under that statutory rule many questions have been presented to this court, but it has been generally held that a general verdict imports a finding upon all issues in the case not inconsistent with the special findings, while nothing will be presumed in favor of the special findings (*Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585). And the rule is that special findings shall be given such a construction, if possible, as will bring them in harmony with the general

verdict (*Riggs v. Ash Grove Lime & Portland Cement Co.,* 131 Kan. 244, 246, 289 Pac. 410; *Waldner v. Metropolitan Life Ins. Co.,* 149 Kan. 287, 87 P. 2d 515). But if the special findings cannot be reconciled with the general verdict, and are sufficiently full and complete in themselves, and are not inconsistent in themselves, then judgment must follow. (*Carlgren v. Saindon,* 129 Kan. 475, 283 Pac. 620; *Clark v. Missouri Pac. Rld. Co.,* 134 Kan. 769, 8 P. 2d 359; *Hiler v. Cameron,* 144 Kan. 296, 59 P. 2d 30; *Jones v. A. T. & S. F. Rly. Co.,* 148 Kan. 686, 85 P. 2d 15; *Kirsch v. Federal Life Ins. Co.,* 149 Kan. 309, 313, 87 P. 2d 951.) And see the opinion in *Eldredge v. Sargent,* post, p. 824, — P. 2d —.

While nothing will be presumed in favor of the special findings as against the general verdict, the special findings may be viewed and interpreted in the light of the testimony. (*Packing Co. v. Howe,* 68 Kan. 663, syl. ¶4, 75 Pac. 1014.) The purpose of propounding special interrogatories to the jury is to test it upon particular issues of fact necessarily involved in the general verdict, so that it may be determined whether there is sound basis for the general verdict.

Before the plaintiff may recover from the defendant, he must show that defendant was guilty of some act of negligence that caused his injuries. The jury by its general verdict found that was the case, and that finding must stand unless the special findings compel a different result. Are the answers to the special questions consistent with that conclusion, or do they compel a different result?

Plaintiff's evidence showed the taxicab proceeded ahead of the bus, came to an easy stop, stood for three to ten seconds, and then defendant's bus crashed into it. Defendant's evidence showed that when the bus was about 150 feet from the intersection the taxicab was alongside and that as both proceeded west the taxicab darted in front of the bus and immediately and suddenly stopped. Appellant argues that the jury found negligence by its general verdict; that it did not have to place that finding on evidence adduced by one party to the exclusion of the other, but could reach that conclusion from all of the evidence, citing *Clagett v. Phillips Petroleum Co.,* 150 Kan. 191, 193, 91 P. 2d 52, in support. There is no doubt as to the rule. But there could be no middle ground here; either the plaintiff's version was right or the defendant's was. The answers to the special questions negative the plaintiff's version and confirm the

defendant's. The answers to special questions 1 to 4, inclusive, show the defendant was not negligent as alleged in the petition. If it be assumed that the answers to the first four questions might be reconciled with the general verdict, there would still remain the seventh question and answer to the effect the manner in which the taxicab was driven was the direct and proximate cause of the accident. Appellant insists that that finding may be reconciled with the general verdict; that the negligence of the taxicab driver may not be imputed to the passengers; that there may be two proximate causes, and therefore the general finding is sufficient. In support he cites *McRae, Adm'r, v. Railroad Co.*, 116 Kan. 99, 225 Pac. 1032. In that case the jury answered a special question that injury to a passenger in an automobile was proximately caused by the manner in which the automobile was driven. Judgment on the special findings was denied, the trial court expressly concluding that from the findings of fact and the general verdict there were two proximate causes. Here the trial court, by allowing the motion, must be held to have reached a contrary conclusion. As heretofore indicated, our examination of the evidence leads to the conclusion that either the plaintiff's or the defendant's version of what happened must be accepted. By the answers to special questions 1 to 4, inclusive, the jury found the defendant's version to be correct. So considered there was one—and only one—direct and proximate cause of the plaintiff's injuries, and under the answer to question 7 that cause was the manner in which the taxicab was driven and not any negligence of the defendant.

The question whether the answers to the special questions could be reconciled with the general verdict or whether those special answers compelled a judgment for the defendant was primarily for the trial court, and unless error is made to appear, its judgment must stand. We conclude there was no error.

Other specifications of error are made in the abstract, but are not mentioned in the brief of appellant and will not be discussed.

The judgment of the lower court is affirmed.