### No. 36,513

EDWARD D. LORD, *Appellant*, v. THE HERCULES POWDER COMPANY and BERNICE EVERTS, *Appellees*.

(167 P. 2d 299)

Opinion filed April 6, 1946.

*Henry H. Asher* and *Clarence M. Gorrill,* both of Lawrence, argued the cause for the appellant.

*John J. Riling,* of Lawrence, argued the cause, and *Edward T. Riling* and *R. B. Stevens,* both of Lawrence, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the plaintiff from a judgment in an action to recover damages for personal injuries sustained in an automobile collision.

The jury rendered a verdict in favor of the plaintiff. The court set aside the verdict and rendered judgment for defendants. This, plaintiff contends, constituted error.

The action was against The Hercules Powder Company and Bernice Everts, the driver of the car in which plaintiff was riding when it collided with another car driven by Winfred A. Turner. The latter is not a party to the action. Defendant, The Hercules Powder Company, manufactures gunpowder for the United States government at the government's Sunflower Ordnance Works located in Johnson county. It appears the plaintiff was employed by the United States government as its chief safety engineer in charge of all activities for the United States ordnance department having to do with the avoidance and prevention of accidental injuries to persons and property on the tract of land and area occupied by the Sunflower Ordnance Works. A fleet of automobiles was operated to facilitate the business of The Hercules Powder Company and the Sunflower Ordnance Works. On the night of October 8, 1943, an explosion occurred at the plant which required the immediate attention of plaintiff, who resided at Lawrence. The defendant driver, Bernice Everts, was directed to go to Lawrence

and transport plaintiff to the plant. Some disagreement arose among those in charge of the fleet of cars and drivers relative to whether the driver should be directed to ignore speed laws and safety regulations. It appears Major Arthur E. Inman, in charge of the ordnance works and plaintiff's superior, was consulted and he directed that plaintiff be brought to the plant as speedily as possible. The ordnance plant is located to the south of U. S. highway 10. Sunflower village is situated north of the highway. The collision occurred on highway 10 between the car in which plaintiff was riding, while traveling east, and the Turner car, which came into highway 10 from the north out of Sunflower village. The latter car turned west on highway 10 and the collision occurred a short distance west of the point at which the Turner car entered the highway.

The foregoing sketchy statement, of course, is not intended to be a complete statement of the facts but only a general outline of circumstances surrounding the action. As we view the question presented on appeal a more definite and detailed statement of the facts is not necessary.

Plaintiff's action was predicated upon the negligence of the defendant, The Hercules Powder Company, and the defendant driver, Bernice Everts, who had been directed by plaintiff's superior to deliver the plaintiff to the plant. Defendants denied such alleged negligence and contended the proximate cause of the collision was the negligence of Turner and that if defendants were guilty of negligence, the plaintiff was guilty of contributory negligence in failing to object to the manner in which the car in which he was riding was operated. The defendant, The Hercules Powder Company, also denied that the defendant, Bernice Everts, or the plaintiff, were its agent, servant or employee. It alleged they were the agents and employees of the Sunflower Ordnance Works, an agency of the government. Plaintiff's reply denied all allegations of the answer contrary to or at variance with the allegations of the petition. The reply also alleged defendants had the sole and exclusive control of the car in which he was riding, the selection of the driver and the method of its operation on this particular occasion.

At the conclusion of plaintiff's evidence defendants interposed a demurrer thereto, which the trial court overruled. Defendants adduced their evidence on the issues joined by the pleadings. The

court instructed the jury. The jury returned a general verdict in favor of the plaintiff. It made special findings in answer to questions submitted by both parties. Defendants moved to have the general verdict set aside and to have judgment rendered in their favor on the special findings. The alleged reason for the motion was that the findings were inconsistent with the general verdict. Defendants also filed a motion for a new trial but no ruling has been had thereon. The court took the motion for judgment *non obstante veredicto* under advisement and later ruled:

"And now on this 30th day of June, 1945, said motion of the defendants to set aside the general verdict and to render a judgment in favor of the defendants upon the special questions and answers, comes on for decision, the parties hereto appearing by their respective attorneys as before. And the Court having considered said motion and arguments of counsel and being fully advised finds that upon the special questions and answers thereto alone, the defendants are not entitled to a judgment, but the Court further finds that the plaintiff is not entitled to recover in this case upon the whole record, the evidence introduced, the answers to the special questions propounded by the plaintiff and defendants submitted by the Court, and upon the whole situation the Court finds that the defendants are entitled to a judgment for costs.

"It is, therefore, by the Court Considered, Ordered and Adjudged that the general verdict heretofore returned by the jury in favor of the plaintiff and against the defendants be and it hereby is set aside and that the defendants have judgment against the plaintiff for the costs of this action amounting to $74.65."

From that judgment plaintiff appeals and contends the district court erred:

"1. In setting aside the general verdict of the jury.
"2. In entering judgment in favor of the defendants for costs."

The contentions will be considered in the order stated. How did the trial court get rid of the verdict which the jury rendered upon instructions the court had given as the law governing every issue in the case? Having set aside the verdict in favor of plaintiff, upon what theory did the court thereafter render judgment in favor of defendants? The function of instructions is to advise the jury with respect to the law governing all issues joined by the pleadings upon which evidence is adduced. If the instructions were materially erroneous or inadequate a new trial should have been granted. No objection to the instructions is made here and no new trial was granted. For present purposes we must assume the instructions encompassed every issue in the case and that they correctly and adequately stated the law pertaining thereto. We must further

assume, in the absence of any indication to the contrary, the jury followed the instructions and determined all issues of fact in accordance therewith. That was the jury's privilege and duty and undoubtedly it was so instructed.

The jury returned a general verdict in favor of the plaintiff. A general verdict is one by which a jury pronounces generally on all issues of fact submitted to it for determination. (G. S. 1935, 60-2918; *Phillips v. Hartford Accident & I. Co.*, 157 Kan. 581, 588, 142 P. 2d 704.) A general verdict in favor of a party imports a finding in his favor upon all issues in the case which are not inconsistent with the special findings returned by the jury. (*Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585; *Jordan v. Austin Securities Co.*, 142 Kan. 631, 51 P. 2d 38; *Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877.) A general verdict and special questions should always be harmonized, if possible, and every reasonable presumption should be indulged in favor of the general verdict. Nothing will be presumed in favor of the special findings. (*Jordan v. Austin Securities Co.*, supra; *Marley v. Wichita Transportation Corp.*, supra.) The special findings were in nowise challenged. For the purpose of obtaining a ruling on a motion *non obstante veredicto* it is admitted the special findings are supported by evidence. (*Taggart v. Yellow Cab Co. of Wichita*, 156 Kan. 88, 131 P. 2d 924; *Harrison v. Travelers Mutual Cas. Co.*, 156 Kan. 492, 134 P. 2d 681.)

The trial court clearly indicated the motion for judgment *non obstante veredicto* could not be sustained. From that ruling defendants have not appealed, but contend it was erroneous. We need not determine whether, in view of the fact judgment was ultimately rendered in their favor, defendants were required to appeal from the adverse decision on that motion in order to make the ruling reviewable. Assuming, without deciding, defendants are entitled to a review of the ruling on that motion, an examination of the special findings will not permit us to say the jury absolved defendants of negligence. Some of the findings tend to indicate their negligence. Moreover, the findings do not expressly convict plaintiff of contributory negligence. It might well be argued some of them acquit him of such negligence. In any event the general verdict in favor of the plaintiff imports a finding of defendants' negligence and a finding acquitting plaintiff of contributory negligence. It follows if defendants are entitled to a review of the ruling on the motion, that the trial court properly held the findings did not

entitle them to judgment. The result is the general verdict in favor of the plaintiff continued to stand.

How did the trial court dispose of it? The journal entry discloses the court did so upon a consideration of "the whole record." It disposed of the verdict "upon the whole situation." That invaded the function of the jury. After the jury had performed that function under the court's instructions—and there is no indication or contention now the jury did not do so fairly—the court reviewed the entire record, considered and weighed the evidence and substituted its judgment for that of the jury.

Defendants contend the court merely reconsidered their demurrer to plaintiff's evidence and sustained it. That is not what the journal entry of judgment purports. On the contrary, it discloses the court set aside the general verdict and the special findings and upon its own independent consideration of "the whole record" and "upon the whole situation" rendered judgment for defendants. This a court cannot do in a jury case.

While the trial court may have been dissatisfied with the verdict in other respects its comments quite clearly indicate the court was dissatisfied with the jury's failure to find plaintiff guilty of contributory negligence. But the court had instructed the jury upon that precise issue and the jury had resolved it in plaintiff's favor.

In the recent case of *Underhill v. Motes,* 160 Kan. 679, 165 P. 2d 218, the trial court was dissatisfied with a general verdict in favor of defendants and with certain special findings of the jury. It set aside the general verdict, some special findings with which the court did not agree and rendered judgment for plaintiffs. We said:

"The trial court was clearly dissatisfied with the general verdict and with some of the special findings and, it would appear, quite properly so. But what was the extent of its power under those circumstances? It was to set them aside and to grant a new trial. (*Ward v. Grant,* 138 Kan. 363, 26 P. 2d 279; *Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 676, 37 P. 2d 996.) Any other ruling would in reality constitute a substitution of the court's judgment for that of the jury and a denial of the right of trial by jury. (*Walker v. Colgate-Palmolive-Peet Co.,* supra, p. 193.)" (p. 682.)

From what has been said it, of course, does not follow this verdict of the jury must necessarily stand. It is fundamental that in order for a verdict to stand it must have not only the approval of the jury but also the independent approval of the trial court. Unless the court can give a verdict its independent approval it has not

only the right, but the duty, to set it aside and grant a new trial. (*Stroup v. Northeast Oklahoma Rld. Co.*, 122 Kan. 587, 253 Pac. 242; *Posey v. Johnson*, 145 Kan. 742, 67 P. 2d 598; *Motor Equipment Co. v. McLaughlin*, 156 Kan. 258, 133 P. 2d 149; *Walker v. Colgate-Palmolive-Peet Co.*, 157 Kan. 170, 196, 139 P. 2d 157; *Underhill v. Motes*, 158 Kan. 173, 146 P. 2d 374.)

The cause is remanded with directions to the district court to set aside its judgment and, if it cannot give the verdict its approval, to grant a new trial.