No. 40,183

LEO MONSON, *Appellee,* v. LAFE DUPY, *Appellant.*

(299 P. 2d 580)

Opinion filed June 30, 1956.

*Lawrence J. Wetzel,* of Wichita, argued the cause, and *James B. Nash,* also of Wichita, was with him on the briefs for the appellant.

*William Porter,* of Wichita, argued the cause, and *Frederick Woleslagel,* of Lyons, and *Getto McDonald, William Tinker, Arthur W. Skaer, Jr.,* and *Hugh P. Quinn,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages occasioned by a collision of motor vehicles. The plaintiff recovered judgment and defendant appeals, specifying as error the matters later discussed.

A detailed statement as to the pleadings is not required. In substance plaintiff charged he was driving his automobile east on a through highway in a lawful manner and at a speed of about 35 miles per hour, and that defendant, whose motor truck had been stopped and parked on the north side of the highway at a point which was not an intersection of the highway with any street or road, suddenly and without warning drove across the highway and against the plaintiff's automobile. The specific allegations of defendant's negligence need not be set forth but they included failure to yield the right of way, in driving across the highway so close to plaintiff's approaching automobile as to constitute an immediate hazard, and in such manner as to cause plaintiff to be suddenly confronted with defendant's truck. Defendant's answer admitted that he was driving his truck and that plaintiff collided with it, and denied generally. He also alleged that the damage

was caused by plaintiff's negligence and not through any act of the defendant.

As the result of a trial the jury returned a verdict in favor of the plaintiff and against the defendant and answered six special questions, which will be mentioned later. Defendant's motions for judgment upon the answers to special questions and for a new trial were denied and judgment was entered on the verdict for plaintiff and defendant then perfected his appeal to this court.

Appellant first contends the trial court erred in not sustaining his demurrer to appellee's evidence.

Although appellant recognizes the rule that when attacked by demurrer the appellee's evidence is to be considered as true, that inferences favorable to him are to be drawn, and that differences between his direct and cross-examination are not to be resolved against him (see, e. g., *Worrell v. West,* 179 Kan. 467, 296 P. 2d 1092), he argues that the evidence disclosed the appellee was guilty of negligence which contributed to his damage and that the demurrer should have been sustained. In his argument he chooses that part of the evidence which tends to support his contention. We need note only the following. Appellee's testimony disclosed that appellee saw appellant's truck standing on the north side of the highway when appellee was about 150 feet west of the point of collision; that appellant gave no notice or signal that he was going to move his truck; that when appellee was about 50 feet west of the point of collision and traveling about 30 miles per hour, appellant turned from the north side of the highway and drove across the highway and the collision occurred. This evidence tended to show that appellant in driving across the highway was negligent in the operation of his truck and created an emergency for the appellee. As a matter of law it did not convict the appellee of negligence. The trial court did not err in overruling the demurrer.

Appellant contends that the trial court erred in its instruction No. 7 to the jury. This is the only instruction abstracted by the appellant. In *Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049, we held:

"Unless an instruction to which an objection is made is a clear and prejudicial misstatement of the law, it can be reviewed only when other instructions which may or may not modify its intent and effect are made a part of the record, in order that all may be examined together."

The instruction complained of directed attention to and quoted

G. S.. 1949, 8-553 and 8-552, and as to the latter section advised the jury that while the point of collision in the case would not constitute an intersection as that term is defined in the statutes, it did set up a standard for the operation of vehicles and was to be taken into consideration in determining whether either of the parties to the action was guilty of negligence. We cannot say that the instruction is a clear and prejudicial misstatement of the law, and unless we can, under the above stated rule, the complaint cannot be reviewed. The contention of error cannot be sustained.

Appellant's complaint that the trial court erred in denying his motion for judgment on the answers to special·questions. is limited to three answers, although six answers were returned, and in essence is that those answers disclose the plaintiff was guilty of contributory negligence. This court has discussed rules for considering motions for judgment on answers to special questions on many occasions, and appellant cites many of our decisions to the general effect that a general verdict imports a finding upon all issues in the case not inconsistent with the answers to special questions; that nothing will be presumed in favor of the answers which shall be given such a construction, if possible, as will bring them into harmony with the general verdict; that while nothing will be presumed in favor of the answers, they may be viewed in the light of the testimony; that one answer may not be isolated and others ignored; that if the answers are consistent with each other and are sufficiently full and complete in themselves but cannot be reconciled with the general verdict, judgment must follow the special findings. (See *Marley. v. Wichita Transportation Corp.*, 150 Kan. 818, 96 P. 2d 877; *Dick's Transfer Co. v. Miller*, 154 Kan. 574, 119 P. 2d 454; West's Kan. Dig., Trial, § 359 (1); and Hatcher's Kan. Dig., [Rev. Ed.] Trial, § 299, *et seq.*) As has been noted the appellee alleged that the acts of the appellant caused appellee to be confronted with an emergency. In his counter-abstract appellee includes an instruction wherein the jury was told in substance that if a driver, without fault on his part, is confronted with an emergency which calls for quick action on his part without time for deliberation and follows a course of action which seems to him best suited to prevent a collision, he cannot be held negligent simply because he did not choose the wisest course or do what some other person, in the same situation, might have done. No objection was made to this instruction. The general verdict imports a finding that appellee was

confronted with an emergency. With that background of the record, we take up the answers to the special questions, quoting verbatim those relied on by appellant. Answer No. 1 was that appellee was driving 35 miles per hour immediately prior to the accident, and that he was driving 25 miles per hour at the time of the accident.

Questions and answers No. 2 and 3 were:

"No. 2: What, if anything, did the plaintiff do to avoid the accident?

"Answer: Didn't do anything.

"No. 3: What, if anything, prevented the plaintiff from swerving his Cadillac automobile to the left or north and thus avoiding the accident?

"Answer: Nothing."

Answer No. 4 was that appellee attempted to decrease his speed when he first saw appellant's truck crossing the highway. Answer No. 5 was that appellee was 450 feet west of the collision when appellant first saw him. Question and answer No. 6 were:

"No. 6: Where did the point of impact occur in relation to the center of U. S. 50 N?

"Answer: 13½ ft. south of center line."

The gist of appellant's argument is that the entire pavement was about 36 feet in width; that the collision occurred 13½ feet south of the center of the highway; that appellee could have veered to the north and thus avoided the collision; that the jury by answer No. 2 found appellee did nothing to prevent the collision, and answer No. 3 found there was nothing to prevent his veering to the north, and therefore, because he did nothing to avoid the accident, the jury found appellee guilty of negligence and under the circumstances he cannot recover and the court erred in not so concluding by allowing appellant's motion for judgment on those answers. It will be noted no question was asked as to where appellee's automobile was from appellant when appellant started across the highway, and in the present posture of the case we can only assume that the jury found, as appellee had testified, that appellee was about 50 feet west of the point of collision, when appellant's truck crossed the highway ahead of him. It will be further noted that no question was asked about whether appellee was confronted with an emergency and we can only assume that, under the instructions with respect thereto, the jury found appellant had created an emergency for appellee. In our opinion the appellant's contention ignores answer No. 1 that appellee did decrease his speed ten miles per hour during the involved 50 feet and answer No. 4 is in accord.

Isolated, answers 2 and 4 do indicate appellee did nothing and answer No. 6 does indicate there may have been room for appellee to have turned north or to his left, but to give those answers the effect for which appellant contends would compel us to ignore other answers and the instructions of the court. In our opinion the answers can be reconciled with each other and with the general verdict. Taken in their entirety it was found that appellee decreased the speed of his automobile but he did not swerve or veer to his left or north. Under the court's instruction, and it was the law of the case, appellee was not guilty of negligence when, in an emergency, he did not do what hindsight now indicates he might have done, and thus have avoided the accident.

The three answers relied on by appellant do not compel a judgment in his favor.

Appellant's contention the trial court erred in denying his motion for a new trial is, in part, answered by what has been said above. The only new matter in it is the statement that while appellant is of the opinion the answers to special questions are not inconsistent with each other, if they are so, a new trial should be granted. As has been indicated above, we are of the opinion the answers to the special questions are not inconsistent with each other, and a new trial cannot be ordered on that ground. In our opinion the trial court did not err in denying a new trial.

The judgment of the trial court is affirmed.