No. 41,055

CHARLES GRIGSBY, SR., *Appellant,* v. CHARLIE JENKINS and CORNELIUS JENKINS, *Appellees.*

(331 P. 2d 284)

Opinion filed November 8, 1958.

*B. V. Hampton,* of Pratt, argued the cause, and *Bill Murray,* also of Pratt, was with him on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Chas. H. Stewart,* also of Kingman, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff-appellant Charles Grigsby, Sr., brought this action to recover from defendant-appellee Charlie Jenkins and Cornelius Jenkins on an oral contract for the harvesting of 400 acres of wheat. During the introduction of plaintiff's testimony, the case was dismissed as to Cornelius Jenkins and he was no longer a party to the action.

The petition alleged and evidence established that defendant Charlie Jenkins, in January, 1953, orally requested plaintiff to render services and furnish labor, machinery and equipment in the cutting and harvesting of 400 acres of growing wheat of which defendant was the joint owner or in which he had a beneficial interest; further, that plaintiff was to be paid the agreed sum of $1,200 or three dollars an acre, and that plaintiff fully performed the oral agreement by cutting and harvesting the wheat in June, 1953, with full knowledge of defendant.

The allegations and evidence further established that at the com-

pletion of the harvest defendant asked plaintiff if he had to have the money at that time. Plaintiff answered he did not but could use it. Defendant said he was "pretty hard up" and it would be quite an accommodation if plaintiff could "do without it awhile." Plaintiff said he had to have the money in January as he had $1,200 in taxes to pay and would need it then. Defendant offered to give plaintiff a note for the amount due, whereupon plaintiff told defendant his word was good for $1,200 for six months and he would not charge him any interest. Defendant denied the contract and indebtedness, although he did not deny his beneficial interest in the grain.

Upon this and other evidence the case was submitted to the jury, which returned a general verdict for $1,200 in favor of the plaintiff. It also found in answer to the only special question submitted by the court that defendant Charlie had the authority to enter into the contract for the cutting of the 400 acres of wheat.

The defendant moved to have the answer to the special question and the general verdict set aside and to have judgment rendered in his favor for the reason that neither the answer to the special question nor the general verdict was supported by sufficient evidence. Defendant also filed a motion for a new trial but no ruling has been made thereon.

The trial court set aside the answer to the special question, which concerned only defendant Charlie's authority to enter into the contract with plaintiff for his son Cornelius as co-owner of the wheat. Cornelius being no longer in the case, the question of agency was not germane to the issue of whether the defendant Charlie had made a contract with plaintiff. The defendant Charlie Jenkins was in no position to deny his liability if plaintiff, acting in reliance on the oral agreement of January, 1953, conferred a benefit on defendant.

The trial court took under consideration defendant's motion for judgment *non obstante veredicto.* It ruled later in substance that the evidence was insufficient to support the general verdict and that it could not in good conscience approve the verdict for the plaintiff for the reason that the preponderance or greater weight of evidence was on the side of defendant. The court set aside the general verdict in favor of plaintiff and rendered judgment for defendant. Plaintiff contends the trial court erred in weighing the evidence and entering judgment for defendant on a motion for judgment *non obstante veredicto.*

Whether the evidence was sufficient to make a prima facie case in favor of the plaintiff and to support the general verdict required a re-examination of the facts shown by the evidence. Under our decisions such a re-examination of the sufficiency of evidence raises a question of trial error. Such a challenge may be made only by a motion for a new trial. A motion for judgment notwithstanding the verdict raises only questions of law and is no substitute for a motion for a new trial in testing the sufficiency of the evidence to support the verdict. (G. S. 1949, 60-2918; *Billups v. American Surety Co.*, 173 Kan. 646, 653, 251 P. 2d 237, and cases cited therein.)

A general verdict in favor of a party to an action imports a finding in his favor upon *all issues* in the case. (*Koch v. Suttle*, 180 Kan. 603, 607, 306 P. 2d 123; *King v. Vets Cab, Inc.*, 179 Kan. 379, 384, 295 P. 2d 605, 56 A. L. R. 2d 1249; *Johnson-Sampson Construction Co. v. Casterline Grain & Seed, Inc.*, 173 Kan. 763, 769, 252 P. 2d 893; *Sheeley Baking Co. v. Suddarth*, 172 Kan. 533, 538, 241 P. 2d 496.)

The general verdict may be aside *only* when the special findings are contrary to the verdict and compel judgment setting aside the general verdict as a matter of law. The general verdict must stand unless the effect of special findings, when considered as a whole, is such as to overthrow the general verdict. (G. S. 1949, 60-2918; *King v. Vets Cab, Inc.*, supra; *Johnson-Sampson Construction Co. v. Casterline Grain & Seed, Inc.*, supra; *Walker v. Colgate-Palm-olive-Peet Co.*, 157 Kan. 170, 139 P. 2d 157.) When, as in the instant case, no special findings remain, there is nothing inconsistent with the general verdict.

We turn now to the statement of the trial court that for the reasons stated in its order it could not in good conscience approve the verdict of the jury. The court was obviously dissatisfied with the general verdict and therefore its function, upon proper motion or its own motion, was to disapprove the verdict. Since it could not approve the verdict, the court should have set it aside and granted a new trial. In no case should the lower court have usurped the functions of the jury by a re-examination of the facts and an entry of a contrary verdict of its own.

This question has been dealt with many times by this court. Some of our most recent decisions are *Lord v. Hercules Powder Co.*, 161 Kan. 268, 273, 167 P. 2d 299; *Underhill v. Motes*, 160 Kan. 679,

165 P. 2d 218; *Walker v. Colgate-Palmolive-Peet Co.,* supra; *Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 37 P. 2d 996; *Ward v. Grant,* 138 Kan. 363, 371, 26 P. 2d 279. The mentioned decisions are adhered to and controlling in this case.

It follows that the judgment of the trial court must be reversed and the case remanded with directions to set aside its order rendering judgment for defendant and grant a new trial.

It is so ordered.