No. 43,097

IRVIN A. THOMPSON and CORA E. THOMPSON, *Appellants* and *Cross-Appellees*, v. CLYDE GODFREY, *Appellee* and *Cross-Appellant*.

(379 P. 2d 269)

Opinion filed March 2, 1963.

*Oren Gray*, of Parsons, argued the cause and was on the brief for the appellants and cross-appellees.

*J. Logan Shuss*, of Parsons, argued the cause and was on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: Back in 1885 one Samuel T. Cherry and his wife conveyed a tract of land of approximately one acre to a school district. The deed contained the following clause:

"The premises herein conveyed is to revert to said Samuel T. Cherry when it shall fail to be used for school purposes  .  .  ."

A schoolhouse was built on the tract and the property was used for school purposes until the spring of 1959, at which time it was abandoned.

Plaintiffs, claiming to be the owners of a portion of the tract by virtue of being successors in interest to Samuel T. Cherry and wife through various deeds in the chain of title through the years, brought this action to eject and enjoin defendant from trespassing upon the portion of the abandoned school tract claimed by them, and for damages.

The jury returned a general verdict for plaintiffs, ejecting and enjoining defendant from continuing to trespass and awarded damages in the sum of $300. Special questions also were answered.

On defendant's motion, answers to five of the six special questions were set aside, and judgment was rendered in favor of defendant notwithstanding the general verdict for plaintiffs.

Plaintiffs have appealed from that ruling.

At the time of rendering final judgment the trial court split the costs of the action between the parties.

Defendant has cross-appealed from that order.

We first note defendant's motion to dismiss plaintiffs' appeal on the ground nothing has been brought here for review. Upon consideration of the record we are of the opinion the motion to dismiss must be denied.

Very briefly—the background of the case is this:

Plaintiffs and defendant were neighbors living a few miles south of Parsons. They had been on "opposite sides of the fence" in a local "school fight," and apparently their differences of opinion had created some "hard feelings." Through consolidation, or otherwise, the school in question was abandoned in the spring of 1959. The school building and appurtenances thereto were sold by the school district at public auction on August 8, 1959. Defendant, through an agent, bought the school building. At the sale it was publicly announced that the purchaser would be given until March 1, 1960, to move the building. Defendant did not move it by that date.

On or about March 18, 1960, plaintiffs—claiming to be the owners of a portion of the abandoned school tract by virtue of the reversion clause in the 1885 Cherry deed—entered upon the property and commenced doing some work toward erecting a fence. The school building was still standing and contained hay which had been stored there by defendant. On the day in question defendant drove up on his tractor and pushed over some fence posts. Tempers flared and some "hot words" were passed. Be that as it may, plaintiffs later brought this action seeking to eject and enjoin defendant from trespassing on the tract in question, and for $500 actual damages and a like amount as punitive damages. The case was tried before a jury which returned the following general verdict:

"We, the jury duly impanelled and sworn in the above entitled cause, do upon our oaths find the issues herein joined in favor of the plaintiffs, and find that at the time of the commission of the act complained of, plaintiffs were the owners of the property herein involved and entitled to the possession thereof and defendant should be ejected and enjoined from continuing to trespass, and that plaintiffs have and recover judgment against the defendant actual damages in the sum of $150.00 on plaintiffs' first cause of action, and we do further find that plaintiffs have and recover judgment for punitive damages against defendant in the sum of $150.00 on plaintiffs' second cause of action."

The jury also answered six special questions as follow:

"1. Please name the legal owner or owners of the fee simple title to the premises in controversy on August 8, 1959.

"Answer: Irvin A. Thompson and Cora E. Thompson.

"2. By what instrument or conveyance did the above named owner or owners acquire title to the premises in controversy?

"Answer: By the original deed of Samuel T. and Matilda R. Cherry plus plaintiffs' exhibits 8-9 and 10.

"3. Who was in possession of the premises in controversy on August 8, 1959?

"Answer: School District Number 5.

"4. If you find the defendant guilty of trespass as alleged, please state the date that the plaintiffs became the owners of the fee simple title to the premises in controversy?

"Answer: August 8th 1959.

"5. If you find the defendant guilty of trespass, please state the means, instrument or conveyance by which the plaintiffs became the legal owners of the fee simple title?

"Answer: By the original deed of Samuel T. and Matilda R. Cherry plus exhibits number 8-9 and 10.

"6. If you find the defendant guilty of trespass, please state the date that the plaintiffs entered into possession and occupied the premises in controversy?

"Answer: March 18—1960."

Defendant filed a motion for judgment in his favor—

". . . notwithstanding the general verdict in favor of the plaintiffs for the reason that the special verdict and pleadings show that he is entitled to judgment."

Defendant also filed a motion to set aside the answers to special questions Nos. 1, 2, 4, 5 and 6—

". . . for the reason that said answers are materially irreconcilable and inconsistent with each other and with other answers to special questions, are contradictory in matters material to the issues of the case, are not supported by the evidence, are contrary to the evidence, and, in fact, leave said Special Questions undetermined and unanswered."

Defendant also filed a motion for a new trial.

The trial court sustained defendant's motion to set aside special findings Nos. 1, 2, 4, 5 and 6, and also sustained his motion for judgment notwithstanding the verdict. In harmony with those rulings defendant's motion for a new trial was of course overruled.

As previously stated—plaintiffs have appealed from the two rulings adverse to them—and defendant has cross-appealed from the order assessing one-half of the costs of the action against him.

The statute (G. S. 1949, 60-2918) relating to general and special verdicts provides that when the special finding of facts is inconsistent with the general verdict—the former controls the latter—and the court may give judgment accordingly. The provision has been construed many times and the rule is that a general verdict imports a finding upon all of the issues in the case not inconsistent with the special findings; that the special findings are to be given such a construction, if possible, as will bring them into harmony with the general verdict, but if the special findings cannot be reconciled with the general verdict and are sufficiently full and

complete in themselves and are not inconsistent with each other, judgment must follow the special findings. (*Marley v. Wichita Transportation Corp.*, 150 Kan. 818, 821, 822, 96 P. 2d 877; *Fralick v. Kansas City Public Ser. Co.*, 168 Kan. 134, 137, 211 P. 2d 443; *Metzinger v. Subera*, 175 Kan. 542, 546, 266 P. 2d 287, and *Applegate v. Home Oil Co.*, 182 Kan. 655, 660, 324 P. 2d 203.)

The motion to set aside special findings Nos. 1, 2, 4, 5 and 6 was based on several grounds, above. The journal entry of judgment merely recites that the motion "is hereby sustained," without specifying the ground. The end result, therefore, was that judgment was rendered for defendant on the remaining special finding (No. 3, above) notwithstanding the verdict.

The instructions are not included in the record before us. Error is not presumed, and therefore the presumption is that the jury was correctly instructed on all issues in the case.

It must be kept in mind that the ownership and possession of the abandoned *schoolhouse* is not a question in this case. The issue here concerns the ownership and right to possession of a portion of the *tract of land* which, for school purposes, had been abandoned.

Examining the general verdict and the special findings (all of which are set out above) we are unable to find any inconsistency between or among them.

In its general verdict the jury found that plaintiffs were the owners of the property involved and entitled to the possession thereof at the time of the commission of the acts complained of. Findings Nos. 1 and 2 state that as of the date of the public sale of the school building—August 8, 1959—plaintiffs were the legal owners of the fee simple title to the premises in controversy by virtue of the 1885 Cherry deed containing the reversion clause—and three subsequent deeds in the chain of title. These two findings are consistent with each other and with the general verdict. Passing over finding No. 3 for the moment—finding No. 4 is that plaintiffs became the owners of the fee simple title to the premises on August 8, 1959—that being the date of the public auction of the school building. This finding is not inconsistent with the general verdict or with findings No. 1 and 2. Finding No. 5 is in substance a repetition of finding No. 2. Finding No. 6 simply states the date upon which plaintiffs entered into possession of and occupied the premises in controversy—and is not inconsistent with the general verdict or any of the other mentioned findings.

Finding No. 3—being the only one not set aside and therefore the one upon which the court entered judgment for defendant notwithstanding the verdict—simply states that on August 8, 1959 (the date of the public auction and sale of the school building), the school district was in *possession* of the premises in controversy. By such finding we assume the jury logically concluded that up to the instant the auctioneer's gavel fell the school district was in "possession" of the premises. The sale of the building wrote the final chapter of the school district's dominion over the premises, thus bringing to an end the use of such premises "for school purposes." There is nothing in this finding which is inconsistent with findings Nos. 1 and 4, which are to the effect that on that date (August 8, 1959) plaintiffs became and were the *owners* of the premises. *Possession* is one thing—while *ownership* is another. And neither is finding No. 3 inconsistent with the other findings nor with the general verdict. In fact, as we read them—all special findings are consistent with each other and also are consistent with the general verdict. Defendant's motion for judgment on "the special verdict" notwithstanding the general verdict has been set out above. For the purpose of obtaining a ruling the motion admitted the special findings to be true. (*Banbery v. Lewis,* 173 Kan. 59, 66, 244 P. 2d 202; *Applegate v. Home Oil Co.,* 182 Kan. 655, 661, 324 P. 2d 203.)

Defendant relies in part on *Rose v. School District No. 94,* 162 Kan. 720, 179 P. 2d 181. The case is readily distinguishable from the one before us. There the plaintiff—being a successor in interest to the original grantor who had executed a deed to a school district containing a clause providing for reversion to the grantor upon abandonment of the property as a schoolhouse site—claimed ownership of the buildings which had been erected and used during the years the tract had been used for school purposes. Under the facts of the case it was held that plaintiff—being the successor in interest to the original grantor—did not, under the reversion clause in the original deed, become the owner of the *school buildings* upon abandonment of the tract for school purposes. As heretofore stated, however, ownership of the school building is not the question in the case before us.

Although factually dissimilar, we think the general principles announced in *Federal Farm Mortgage Corp. v. Smith,* 149 Kan. 789, 89 P. 2d 838, are controlling on the underlying basic question in this case relating to the right of plaintiffs, as successors in interest, to ownership of the portion of the school tract in question upon its

abandonment for school purposes—by virtue of the reversion clause in the 1885 Cherry deed. (And see also *Harvest Queen Mill & Elevator Co. v. Sanders,* 189 Kan. 536, 370 P. 2d 419.)

In both its general and special verdicts the jury found that plaintiffs were the owners of the tract in controversy, and those findings —despite defendant's contention to the contrary—are supported by the evidence.

The situation presented here is not one in which the trial court expressed "dissatisfaction" with a verdict—in which event it would have been its duty to grant a new trial. (*Grigsby v. Jenkins,* 183 Kan. 594, 331 P. 2d 284.) Here the trial court overruled defendant's demurrer to plaintiffs' evidence and then later set aside five of the six special findings and entered judgment for defendant on finding No. 3 notwithstanding the verdict. As before stated, our conclusion is the special findings are consistent with each other and with the general verdict, and, being supported by evidence, it was error for the trial court to enter the judgment that it did. If it was "dissatisfied" with the verdict its duty, under the circumstances, was to grant a new trial.

Insofar as plaintiffs' appeal is concerned the judgment is reversed with directions to reinstate the verdict and special findings.

In view of our conclusion, defendant's cross-appeal from the order dividing the costs of the action between the parties, falls by its own weight, and it is further ordered that the costs of the action be taxed to defendant.